UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) MAGISTRATE-JUDGE'S No. |
| | ) 02-1003-JGD |
| | ) |
| JAMES RICHARDS | ) |

### MOTION TO EXCLUDE PSYCHIATRIC EVALUATIONS

Defendant, James Richards, respectfully moves that this Court exclude from evidence the psychiatric evaluations offered by the government. As grounds for this motion, defendant submits the following.

As noted in court, three of the evaluations consist of court-ordered evaluations for competency, criminal responsibility, and aid in sentencing. These evaluations were conducted pursuant to M.G.L. c. 123, §15(b), with respect to competency and criminal responsibility, and pursuant to M.G.L. c. 123, § 15(e), with respect to aid in sentencing. It is unclear how the government came to possess a fourth evaluation, which appears in the form of a letter to Mr. Richards' state defense lawyer.

Under Massachusetts law, statements made during such court-ordered examinations are protected with a type of judicial immunity. In <u>Blaisdell v. Commonwealth</u>, 372 Mass. 753, 758 (1977), the Supreme Judicial Court held "that a court-ordered

psychiatric examination is . . .  a form of compelled production
[within the meaning of the Fifth Amendment]."  Id.  The court
also held that such compulsion was permissible only if the
statements made were protected to an extent consistent with
constitutional requirements barring both direct and derivative
use of such statements.  Id. at 762-63.  The court noted the
existence of M.G.L. c. 233, § 23B, which dictates that statements
made during such examinations "shall [not] be admissible in
evidence against [the defendant] on any issue other than that of
his mental condition, nor shall it be admissible in evidence
against him on that issue if such statement constitutes a
confession of guilt of the crime charged."  But Blaisdell held
that the statute

> falls short of the mandated equivalent of the privilege
> [against self-incrimination].  The statute does not bar
> disclosure of a defendant's statements nor their
> potential use for other purposes by the prosecution or
> the State. . .. . Most importantly, to the extent the
> constitutional privilege protects the defendant from
> furnishing evidence bearing on his mental or emotional
> condition, neither § 20B nor § 23B affords him
> equivalent protection.

Id. at 763-64.

The court concluded that the privilege could be waived if
the defendant offered evidence of a psychiatric examination at
trial.  Blaisdell then set forth procedures for ensuring that
privileged statements made during court-ordered psychiatric

-2-

examinations under M.G.L. c. 123, § 15 would not be used in a way
that violated the privilege. These require that:

> The experts conducting the examination ordered by the
> court may not reveal to the prosecution or anyone
> acting in its behalf any evidence, statements,
> confessions or admissions obtained from the defendant
> except evidence derived from solely physical or
> physiological observation or tests, except as ordered
> by the court;
>
> . . .
>
> Psychiatrists . . .. shall file a written report of
> their findings . . . and such report shall not be
> available to either prosecution or defense unless, on
> inquiry by the court, the court determines that it does
> not contain any matter, information or evidence based
> on the defendant's testimonial statements.
>
> . . .
>
> If the report contains matter within the scope of the
> privilege, it shall be sealed and shall not be
> available to either party until such time during the
> course of the trial as the defendant raises the issue
> of insanity and makes clear to the court his intent
> either (a) to testify in his own behalf or (b) to place
> in evidence the testimony of psychiatric witnesses
> whose testimony will be based in whole or in part on
> the defendant's extrajudicial or judicial statements.

Blaisdell, 372 Mass. at 768.

The evaluations at issue here contain statements by the
defendant. It appears that the requirements of Blaisdell were
not followed, either by the state court or by the state court
prosecutor. See Commonwealth v. Stroyny, 435 Mass. 635, 645
(2002)(finding improper conduct in psychiatrist's disclosure of
defendant's statements to prosecutor). While Blaisdell does

-3-

state that "the circumstances of each case may require a degree
of flexibility," Blasidell, 372 Mass. at 769, there is no
indication what those circumstances might have been in this case.
Nor has the government provided an order indicating that the
state court found disclosure to a federal prosecutor or
investigator was warranted.

Mr. Richards did not waive his privilege in a manner that
would permit disclosure in federal court.  One of the evaluations
in question, in a section labeled "Warning of Limits of
Confidentiality," states that the psychologist informed the
defendant that she had been ordered "to evaluate him regarding
his competence to stand trial, his criminal responsibility, and
his need for care and treatment."

The report recounts that

> Mr. Richards understood the purpose of the evaluation,
> "*basically to determine my competence to stand trial
> and my criminal responsibility and that's basically
> it.*"  He understood also that the court would receive a
> written report of my evaluation.

(emphasis in original).  This indicates that Mr. Richards
believed that the sole purposes of the interview and examination
were for competence and criminal responsibility in the state
court case.  Furthermore, it appears that he was informed that
only the state court would receive a copy of the report.  Thus,
any limited waiver of confidentiality that Mr. Richards provided
did not include dissemination to the state court prosecutor, much

-4-

less to a federal prosecutor or agent.  <u>See</u> <u>Commonwealth v. Lamb</u>, 365 Mass. 265 (1974).

The fact that these evaluations are being offered at a detention and probable cause hearing, to which the rules of evidence do not apply, is immaterial.  The rule established by Massachusetts statute confers a type of court-ordered immunity. Permitting use of the statements provided under a grant of immunity would violate the Fifth Amendment to the U.S. Constitution.  <u>See</u> <u>Murphy v. Waterfront Commission</u>, 378 U.S. 52, 78 & n.18 (1964) (holding that state commission's grant of immunity to witness protected witness against direct and derivative use of testimony in federal prosecution).

JAMES RICHARDS
By his attorney,

Miriam Conrad
  B.B.O. #550223
Federal Defender Office
408 Atlantic Avenue, 3rd Floor
Boston, MA  02210
Tel: 617-223-8061

## CERTIFICATE OF SERVICE

I, Miriam Conrad, hereby certify that a true copy of the above document was served upon George Z. Toscas, Trial Attorney, U.S. Department of Justice, by first-class mail and FAX on October 31, 2003.

Miriam Conrad

-5-