UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>V.                                      )<br>)<br>JAMES T. RICHARDS         ) | CRIMINAL NO. 02-M-1003-JGD |

<u>UNITED STATES' RESPONSE TO DEFENDANT'S MOTION TO EXCLUDE<br>PSYCHIATRIC EVALUATIONS</u>

The United States respectfully requests that the defendant's Motion to Exclude Psychiatric Evaluations be denied and that the Court consider the evaluations in support of the United States' motion for detention.

<u>Background</u>

This Court held a joint preliminary/detention hearing on October 29, 2003. As part of its evidence to demonstrate the need for pretrial detention, the United States offered four exhibits (Numbers 6-9) consisting of four mental health evaluation reports. The defendant objected to the admission of the reports, <u>inter alia</u>, on the ground that Massachusetts state law may bar the disclosure of such reports to the attorneys for the United States and the federal judiciary.

In order to allow the parties to research and brief the issue of the admissibility of the reports, the Court received the reports, placed them in a sealed envelope, and advised the parties that the reports would not be reviewed, if at all, until it had the opportunity to consider and rule upon the parties' written submissions. On October 31, 2003, the defendant

submitted his written motion to exclude. For the reasons set forth herein, that motion should be denied.

## Argument

As a preliminary matter, the United States hereby withdraws offered exhibit number 7 (entitled "Criminal Responsibility Evaluation"). In addition, as the Court has already found probable cause that the defendant violated Title 18 U.S.C. Section 876, the sole issue remaining before it is the United States' motion to detain the defendant pending trial, pursuant to Title 18 U.S.C. Section 3142. It is in support of that motion that the United States now asks the Court to consider exhibits 6, 8 and 9.

As this Court is aware, the Federal Rules of Evidence do not apply to detention hearings. Section 3142(f) states that, "[t]he rules concerning admissibility of evidence in criminal trials do not apply to the presentation and consideration of information at the hearing." In addition, the rules make clear that this Court "shall, in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, take into account the available information concerning ... (3) the history and characteristics of the person, including ... [his] physical and mental condition." 18 U.S.C. §3142(g).

The United States submits that the three offered exhibits

(numbers 6, 8 and 9) will provide this Court with a wealth of information concerning the defendant's mental health, the danger he poses to others and the community at large, and his risk of flight. These reports are especially crucial to the Court's consideration of the detention issue since it stated during the October 29, 2003, hearing that it is presently unwilling to require its own mental health evaluation of the defendant. The fact that the defendant objects to this Court's review of relevant and powerful information regarding his mental health and dangerousness while simultaneously asserting that he does not pose a sufficient danger and risk of flight to warrant pretrial detention highlights the absurdity of his position.

A detention hearing, free from the formal presentation of "evidence" and the rules related to evidentiary admissibility, presents an opportunity for the Court to receive all available "information" regarding a defendant which bears upon his risk of flight and the danger he may pose to others and the community. The offered exhibits provide the Court with crucial information which cannot be ignored and should not be withheld from its review and consideration. The defendant has not cited any authority under federal law which would preclude this Court's consideration of the offered exhibits. In addition, defendant's reliance on state law in his motion to exclude the reports is misplaced - he has cited no state law or judicial decision which

would bar the use of these reports in a consideration of the defendant's mental health and dangerousness.

It is also important to note that the defendant's motion only raises an objection to the use and consideration of the defendant's "statements" contained within the reports. Of course, on that argument, the Court would be well able to read the reports in their entirety and exclude from consideration the defendant's statements contained therein. In that manner, the defendant's "statements" would not be used by the Court, but the physicians opinions and conclusions regarding the defendant's mental health and dangerousness could still be considered. However, there is no privilege which would prevent the Court from considering even the defendant's "statements" for the purposes of evaluating his mental health and condition.

### Exhibits 6 and 8:

Exhibit 6 is a report of a court-ordered "Competence to Stand Trial Evaluation." Exhibit 8 is a court-ordered "Aid-in-Sentencing Evaluation." Both of these reports were created after examinations ordered by the state court pursuant to Massachusetts General Laws, Chapter 123, Section 15. Both reports indicate that the examining physician advised the defendant that their conversations and the evaluations to be performed were not private or confidential, and that, nonetheless, the defendant consented to proceed with the evaluations.

Under state law, the disclosure of the defendant's communications with the examining physicians which are contained in the reports is governed by Massachusetts General Laws, Chapter 233, Section 20B. That section discusses the privilege that exists between a patient and a psychotherapist which allows a patient to refuse to disclose their communications in various proceedings. The section also discusses exceptions to the privilege, including the following:

> The privilege granted hereunder shall not apply to any of the following communications: ... (b) If a judge finds that the patient, after having been informed that the communications would not be privileged, has made communications to a psychotherapist in the course of a psychiatric examination ordered by the court, provided that such communications shall be admissible only on issues involving the patient's mental or emotional condition but not as a confession or admission of guilt.

See Commonwealth v. Benoit, 410 Mass. 506, 518, 574 N.E.2d 347, 354 (1991)(the psychotherapist-patient privilege does not apply to communications made pursuant to court-ordered examination where patient has been warned in advance that his communications would not be privileged).

These authorities make clear that, under state law, the defendant's statements contained within the reports in question can be used and considered in relation to issues involving the defendant's mental health and condition. That is precisely the use the United States asks this Court to make of the reports. The fact that the defendant did not know that the evaluations

5

would be used in a federal proceeding is of no significance. The privilege simply does not exist, and the defendant cannot now attempt to claim the privilege, with regard to statements within the reports of the court-ordered evaluations.[1]

In addition, the defendant claims that the statements are essentially coerced, incriminating statements that cannot be used against him. This argument totally disregards the fact that the reports are not submitted for use in determining guilt or innocence - they are submitted to provide this Court with relevant and invaluable information regarding the defendant's mental health, dangerousness, and risk of flight.

Indeed, even the authority relied upon by the defendant in his brief cuts against his argument. Blaisdell v. Commonwealth, 372 Mass. 753, 364 N.E.2d 191 (1977), involved a defendant who gave notice that he would raise an insanity defense at trial. The prosecutor in the case then requested, and the court ordered, that the defendant undergo a psychiatric examination. The case turned upon the use that would be made <u>at trial</u> of the statements

---

[1] Although the Supreme Court recognized a psychotherapist-patient privilege in Jaffee v. Redmond, 518 U.S. 1 (1996), through which confidential communications between a licensed psychotherapist and his patient would be protected from compelled disclosure under Rule 501 of the Federal Rules of Evidence, the defendant here cannot claim that his communications during court-ordered examinations were confidential. Here, the examining physicians specifically told the defendant that their communications and evaluations were not private or confidential and that the examinations would be used to evaluate his mental condition. The Jaffee Court made clear that, like other testimonial privileges, a patient may waive the protection of the privilege. Id. at 15 n.14. Here, the defendant was aware that his communications were not confidential and waived any privilege that may have existed by deciding to proceed with, and participate in, the examinations.

made by the defendant during that court-ordered examination. The relevant statute involved in that case states:

> In the trial of an indictment or complaint for any crime, no statement made by a defendant therein subjected to a [court-ordered psychiatric examination] shall be admissible in evidence against him on any issue other than that of his mental condition, nor shall it be admissible in evidence against him on that issue if such statement constitutes a confession of guilt of the crime charged.

Massachusetts General Laws, Chapter 233, Section 23B.

Obviously, the issues raised by that case and that statute involving the use of a defendant's statements <u>at trial</u> are not present in the case at bar. This is not a trial, the exhibits are not offered as evidence of the defendant's guilt, and the issues presently before this Court do not involve the defendant's criminal liability. Indeed, the <u>Blaisdell</u> court recognized that its holding did not affect pretrial issues unrelated to criminal liability. See <u>Blaisdell</u>, 372 Mass. at 769, 364 N.E.2d at 202 ("Psychiatric examinations may be ordered ... which do not involve the problems here discussed ..."; citing an Illinois decision which held that the privilege against self-incrimination protects against disclosure of facts involving criminal liability and not against civil liability).

Exhibits 6 and 8 should be read, reviewed and considered by the Court for purposes of ruling on the United States' motion for pretrial detention.

**Exhibit 9**:

Exhibit 9 is a seven-page letter from a physician to the defendant's attorney in his previous state court case. The letter contains a report of a psychological examination performed upon the defendant at the request of the defendant and his counsel. It is the understanding of the United States that this letter was supplied by the defendant and his counsel to the state prosecutor and the state court judge in that underlying case. It is also our understanding that when it was disclosed, there were no limitations placed on its use. As such, any privilege that may have existed between the defendant and the physician was waived by the disclosure of the report.

In addition, as stated earlier, the report and its contents are not offered to show the defendant's guilt for the offense charged. It is offered to the Court for the limited purpose of providing information about the defendant's mental health and dangerousness.

Exhibit 9 should also be read, reviewed and considered by the Court for purposes of ruling on the United States' motion for pretrial detention.

### Conclusion

Based on the foregoing, the United States respectfully requests that this Court deny the defendant's motion to exclude, and give full consideration to Exhibits 6, 8 and 9 in ruling upon

the United States' motion for the defendant's pretrial detention. The defendant has not provided any support under federal law which would preclude this Court from considering the exhibits in relation to the issues presently before it. To the extent that the defendant has attempted to rely on state law in support of his motion to exclude, that reliance has been misplaced, for there is no provision of state law which would preclude the use of the exhibits for their offered purpose. The defendant's motion should be denied.

>Respectfully submitted,
>
>CHRISTOPHER A. WRAY
>Assistant Attorney General
>Criminal Division
>
>By: _____
>GEORGE Z. TOSCAS
>Trial Attorney
>United States Department of Justice
>(202) 616-0727

November 7, 2003

### CERTIFICATE OF SERVICE

This is to certify that I have this day served upon the person listed below a copy of the foregoing document by FAX and by depositing in the United States mail a copy of same in an envelope bearing sufficient postage for delivery:

>Miriam Conrad, Esq.
>Federal Defender Office
>408 Atlantic Avenue, 3rd Floor
>Boston, MA 02110

This 7th day of November 2003.

_____
GEORGE Z. TOSCAS
TRIAL ATTORNEY