UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Magistrate No.
02-M-1003-JGD

UNITED STATES OF AMERICA

v.

JAMES T. RICHARDS

**MEMORANDUM AND ORDER ON GOVERNMENT'S
MOTION FOR ORDER OF DETENTION**

November 21, 2003

DEIN, M.J.

### I. GOVERNMENT'S MOTION FOR DETENTION

The defendant is charged in a criminal complaint with knowingly mailing a threat to injure the person of another in violation of 18 U.S.C. § 876. An initial appearance was held on October 24, 2003, at which time the defendant was represented by counsel. The government moved for a detention hearing on the grounds that the crime charged is a crime of violence (18 U.S.C. § 3142 (f)(1)(A)), that the defendant's prior record warrants a detention hearing in accordance with 18 U.S.C. § 3142(f)(1)(D), and that the defendant poses a risk of flight (18 U.S.C. § 3142(f)(2)(A)). The government sought detention on the grounds that the defendant is a danger to the community, as well as a risk of flight.

A probable cause and detention hearing was held on October 29, 2003, at which time the defendant was represented by counsel. During the hearing, the government sought to introduce psychiatric evaluations of the defendant which had been generated in

connection with examinations undertaken pursuant to Mass. Gen. Laws ch. 123, § 15(b) (competency to stand trial) and § 15(e) (aid in sentencing).  The defendant objected to the introduction of such evidence on the grounds that the evaluations should not have been released to the government and were confidential.  This court did not review the documents, but, rather, put them in a sealed envelope pending briefing on the issue.  The parties were given until November 14, 2003 to file their briefs.

As detailed in a separate memorandum of decision, this court concluded that it has insufficient facts relating to the circumstances by which the government obtained the disputed documents to determine whether they should be admitted into evidence at the detention hearing.  Consequently, I have allowed the defendant's motion to exclude the psychiatric evaluations, and have proceeded without considering the disputed documents.  Nevertheless, I find that the government has proven by clear and convincing evidence that there are no conditions or combination of conditions which will reasonably assure the safety of other persons and the community.  In addition, the government has proved by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of the defendant as required.  Consequently, the defendant shall be detained prior to the trial of this matter.

## II. THE BAIL REFORM ACT

A.    Under the provisions of 18 U.S.C. § 3142 ("The Bail Reform Act"), the judicial officer shall order that, pending trial, the defendant either be (1) released on his or her own recognizance or upon execution of an unsecured bond; (2) released on a

condition or combination of conditions; (3) temporarily detained to permit revocation of conditional release, deportation or exclusion; or (4) detained.  See 18 U.S.C. § 3142(a).

Under § 3142(e), a defendant may be ordered detained pending trial if the judicial officer finds by clear and convincing evidence after a detention hearing "that no condition or combination of conditions (set forth under § 3142(b) or (c)) will reasonably assure the safety of any other person or the community . . . ," or if the judicial officer finds by a preponderance of the evidence after a detention hearing "that no condition or combination of conditions will reasonably assure the appearance of the person as required . . . ."  See United States v. Patriarca, 948 F.2d 789, 792-93 (1st Cir. 1991).

  B. The government is entitled to move for detention on grounds of danger to the community in a case that –

  (1) involves a crime of violence within the meaning of 18 U.S.C. § 3156(a)(4);

  (2) involves an offense punishable by death or life imprisonment;

  (3) involves an offense proscribed by the Controlled Substances Act or the Controlled Substances Import and Export Act for which the punishment authorized is imprisonment for ten years[1] or more; or

  (4) involves any felony alleged to have been committed after the defendant has been convicted of two or more crimes of violence, or of a crime, the punishment for which is death or life imprisonment, or a ten year [or more] offense

---

[1] The maximum penalty is that provided by the statute defining and/or providing the punishment for the substantive offense – not the sentence, or even the maximum sentence, which might otherwise be imposed under the federal Sentencing Guidelines.  See United States v. Moss, 887 F.2d 33, 336-37 (1st Cir. 1989).

under the Controlled Substances Act or the Controlled Substances Import and Export Act.

Additionally, the government or the court <u>sua sponte</u> may move for, or set, a detention hearing where there is a serious risk that the defendant will flee, or where there is a serious risk of obstruction of justice or threats to potential witnesses. <u>See</u> 18 U.S.C. § 3142(f).

    C.    In determining whether there are conditions of release which will reasonably assure the appearance of the person as required and the safety of any other person and the community, or whether pretrial detention is warranted, the judicial officer must take into account and weigh information concerning --

    (a)    the nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;

    (b)    the weight of the evidence against the accused;

    (c)    the history and characteristics of the person, including --

    (i)  the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

    (ii)  whether, at the time of the current offense or arrest, the defendant was on probation, on parole, or other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State or local law; and

    (d)    the nature and seriousness of the danger to any other person or the community that would be posed by the person's release.

<u>See</u> 18 U.S.C. § 3142(g).

D.   Additionally, in making the determination, the judicial officer must consider two rebuttable presumptions where applicable. However, the government does not contend that any presumption is applicable in this case.

### III.  DISCUSSION OF WHETHER DETENTION IS WARRANTED

#### A.  The Offense Charged And Weight Of The Evidence

The defendant is charged with the serious offense of mailing threatening communications, and the evidence against him is strong. Briefly, on November 28, 2001, the United States Attorney for the District of Massachusetts, Michael J. Sullivan, received a 7 page letter addressed to "Mike." (Ex. 2). Enclosed was another letter to Probate Court Judge Mary Manzi, which was signed "Jim Richards." (Ex. 3). The return address on the envelope to Mr. Sullivan was "Jim Richards." (Ex. 4). The letters contain a great deal of personal information and, at this juncture, the evidence that this defendant sent the letters to Mr. Sullivan is strong.

In the letter to Mr. Sullivan, the defendant made numerous threats to harm others. He says, inter alia, that he is going to "start killing people." He also threatens to make a number of "deadly gas" devices from ammonia and bleach with eye bolts which he states he will place throughout the Greater Boston area. He claims to "know someone who died from breathing this gas." There was evidence presented that the defendant bought ammonia, bleach and eye bolts at a WalMart and a hardware store just a few days before sending the letter.

Based on this information, I found probable cause that the crime as alleged in the complaint was committed and that the defendant had committed the crime.

### B. History And Characteristics Of The Defendant

The defendant, age 49, was born on February 26, 1954 in Boston, Massachusetts, and has lived in Massachusetts for most of his life. He is divorced with one daughter. He has been diagnosed as being bi-polar, and has had extensive psychiatric issues over the years. The defendant's letters focus on his anger that he does not have custody of his daughter and that she lives with her mother. The defendant's family cooperated with the FBI in helping to locate him, and his parents and siblings are supportive of him.

The defendant lived in Oklahoma from July 1997 through April 2000. He then returned to live with his parents in Randolph, Massachusetts, from April 2000 through January 2002. During this period, however, he was hospitalized in the Medfield State Hospital for two months from February - April 2001. In August 2001, he was put on probation in connection with a state court conviction for sending threatening letters. By sending the letters at issue in this case in November 2001, the defendant violated his probation and it was revoked. According to the defendant, he was "missing in action" for two months around November 2001. When he was located, he was incarcerated in state prison.

The defendant has a lengthy criminal record which shows that he is unable to control his behavior. In 1996, he was charged with assault and battery. He violated his probation and was fined. In 1997, he was charged with threatening, stalking, extortion and related crimes. He was found guilty in January 1999 and given probation. In 2001, he was charged with making a bomb hoax. He was given a suspended sentence and, as noted

above, violated his probation by sending the letters at issue in this case. He was incarcerated when his probation was revoked.

Three civil restraining orders have been taken out against the defendant: in 1996, 1997 and 2001.

### C. Evaluation of Factors

The record evidence before this court warrants the conclusion that no condition or combination of conditions -- short of pretrial detention -- would reasonably assure the safety of the community. The defendant has had extensive dealings with the law, and despite several convictions for threatening or related behavior, has continued to threaten to cause numerous persons serious bodily harm. The fact that the situation may have escalated beyond mere words is evidenced by the fact that the defendant bought the components for his homemade poisonous gas. The defendant's threats due to his loss of custody of his daughter have remained constant. His letter in February 2001, which gave rise to his state court conviction (Ex. 5), is based on the same circumstances as are the threatening letters he wrote in November 2001, while on probation for the state court crimes. Thus, legal intervention to date has not resulted in any change of behavior. The defendant has not been able to conform his behavior to comply with the requirements of the law, or with any conditions of release which the court might set.

The defendant has proposed that he live with his parents. While the court appreciates their willingness to assist their son, the defendant's record makes it clear that his parents have been unable to exert sufficient control over the defendant to deter his unlawful behavior. The defendant was living with his parents when he wrote all the

threatening letters, and he left his parents' home when he went "missing in action." The risk to the community in releasing the defendant prior to trial is simply too high. See U.S. v. Tortora, 922 F.2d 880, 887 (1st Cir. 1990).

I also find that the government has proved by a preponderance of the evidence that no combination of conditions will reasonably assure the defendant's appearance at future court proceedings. The defendant moved to Oklahoma in 1997. According to Pre-trial Services, that move reportedly was to avoid investigation by DSS. Pre-trial Services also had some information that, while living in Oklahoma, the defendant fled to Arkansas to avoid the service of legal papers and a possible police investigation. While on probation from the state court, the defendant disappeared for two months, during which time he sent the letters at issue in this case, and purchased the components for his gas bomb. The defendant is unpredictable, and appears likely to take off at any time. These facts make the risk of flight very high.

## IV.  ORDER OF DETENTION

IT IS ACCORDINGLY ORDERED that the defendant remain DETAINED pending trial, and it is further Ordered --

    (1)    That the defendant be committed to the custody of the Attorney General for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

    (2)    That the defendant be afforded a reasonable opportunity for private consultation with counsel; and

   (3) On order of a court of the United States or on request by an attorney for the government, the person in charge of the corrections facility in which the defendant is detained and confined deliver the defendant to an authorized Deputy United States Marshal for the purpose of any appearance in connection with a court proceeding.

                / s / Judith Gail Dein
                Judith Gail Dein
                United States Magistrate Judge