UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Magistrate No.
02-M-1003-JGD

UNITED STATES OF AMERICA

v.

JAMES T. RICHARDS

### ORDER ON DEFENDANT'S MOTION TO EXCLUDE PSYCHIATRIC EVALUATIONS

November 21, 2003

DEIN, M.J.

This matter is before the court on the defendant's Motion to Exclude Psychiatric Evaluations (Docket # 6) (hereinafter "Motion"). During the detention hearing in this case, the government moved to introduce several psychiatric evaluations of the defendant for the court to consider on the issue of "the defendant's mental health, the danger he poses to others and the community at large, and his risk of flight," all relevant inquiries on the issue of pre-trial detention under 18 U.S.C. § 3142(f). See United States' Response to Defendant's Motion to Exclude Psychiatric Evaluations (Docket # 7) at 3 (hereinafter "Response"). The court did not accept the documents, but rather placed them in a sealed envelope subject to further briefing. The defendant then filed the instant Motion. In its Response, the government has withdrawn one document. The others are described as a Massachusetts state court-ordered "Competence to Stand Trial Evaluation" and "Aid-in-Sentencing Evaluation" conducted pursuant to Mass. Gen. Laws ch. 123, § 15, and a

seven-page letter from a physician to the defendant's attorney in his previous state court proceeding. As the government states, "[i]t is the understanding of the United States that this letter was supplied by the defendant and his counsel to the state prosecutor and the state court judge in that underlying case," and that "any privilege that may have existed between the defendant and the physician was waived by the disclosure of the report." Response at 8. At oral argument, defendant's counsel stated that she was presently unaware of the circumstances surrounding the production of the letter.

After review of the Motion and Response, it became apparent to this court that a decision as to the admissibility of the disputed evidence would require a more fact-specific inquiry into issues collateral to the detention issue than is necessary at this time. For example, the waiver of the attorney client privilege is a fact specific inquiry, and the circumstances surrounding the disclosure of the letter are unknown to this court. In addition, in Blaisdell v. Commonwealth, 372 Mass. 753, 364 N.E.2d 191 (1977), the court set limitations on the disclosure of psychiatric reports generated under Mass. Gen. Laws ch. 123, § 15. The court held that the "report shall not be available to either prosecution or defense unless, on inquiry by the court, the court determines that it does not contain any matter, information or evidence based on the defendant's testimonial statements. In such event, the court may order the report released to both prosecution and defense. If the report contains matter within the scope of the privilege, it shall be sealed and shall not be available to either party until such time during the course of the trial as the defendant raises the issue of insanity . . . ." Id. at 769, 364 N.E.2d at 202. The defendant believes that the procedures set by the Blaisdell court were not followed in the instant case. Motion at 3.

This court has reviewed the record, exclusive of the disputed documents, and in a separate order issued on this date, concluded that the government met its burden of proving that pre-trial detention is appropriate in this case. Consequently, no further inquiry related to the admissibility of the disputed documents is needed at this time.

Therefore, the defendant's Motion to Exclude Psychiatric Evaluations is ALLOWED without prejudice to the government seeking to introduce the documents at another stage of this case.

The sealed documents shall be returned to the government at the next hearing in this case.

/ s / Judith Gail Dein
Judith Gail Dein
United States Magistrate Judge