

**U.S. Department of Justice**

Criminal Division

---

*Counterterrorism Section*

Washington, D.C. 20530

January 9, 2004

FILED
2004 JAN 12 P 12: 15
U.S. DISTRICT COURT
DISTRICT OF MASS

**Via Federal Express Delivery**

Ms. Miriam Conrad
Federal Defender Office
District of Massachusetts
408 Atlantic Avenue, 3rd Floor
Boston, MA 02110

Re:   United States v. James T. Richards - Criminal No. 03-10367-MEL

Dear Counsel:

Pursuant to Fed. R. Crim. P. 16 and Rules 116.1(C) and 116.2 of the Local Rules of the United States District Court for the District of Massachusetts, the government provides the following automatic discovery in the above-referenced case:

A.   Rule 16 Materials

1.   Statements of Defendant under Rule 16 (a)(1)(A)

   a.   Written Statements

You have already been provided with the following relevant written statements made by defendant Richards in the possession, custody or control of the government, the existence of which is known to the attorney for the government: 1) Copy of 11/23/01 letter to United States Attorney Michael Sullivan; 2) Copy of 11/22/01 letter to Judge Manzi; 3) Copy of outer envelope containing those two letters; and 4) Copy of 2/15/01 letter relating to defendant's bomb threat charge in state court. These four written items were provided to you at the preliminary/detention hearing held on 10/29/03 as exhibits 2 through 5, respectively.

Enclosed are copies of the front and back of two checks (numbered 109 and 111) from the defendant's joint checking account. Copies of the sales receipts for which the checks were written are also enclosed. In addition, you will find copies of various documents, including affidavits, logs and journal entries, which appear to have also been sent in the envelope with the 11/23/01 letter to United States Attorney Sullivan. All of these materials are attached as pages numbered (in the lower, right-hand corner of each page) as 1 through 63.

As we discussed by phone, the United States has been made aware of numerous other writings that have been mailed by the defendant recently. These documents - their content and mailing - may constitute additional criminal offenses. As a result, they may not necessarily be relevant to the present charge against the defendant but most likely would become relevant in the event additional charges are brought. As we discussed, I will fax you the documents that I have received. If I receive any additional documents in the future, I will call you.

b. Recorded Statements

A videotape was recovered in the search of the defendant's automobile. The videotape contains statements made by defendant Richards. A copy of the videotape is maintained by the FBI and is available for viewing. Please contact me to schedule a mutually convenient time and date to view the videotape.

c. Grand Jury Testimony of the Defendant

Defendant Richards did not testify before a grand jury in relation to this case.

d. Oral Statements to Then-Known Government Agents

The government is unaware of any oral statements made by the defendant before or after arrest, in response to interrogation by a person then known to the defendant to be a government agent, which the government intends to use at trial.

2. Defendant's Prior Record under Rule 16 (a)(1)(B)

Enclosed is a copy of the defendant's prior criminal record. (Attached pages 64-80.)

3. Documents and Tangible Objects under Rule 16(a)(1)(C)

All books, papers, documents and tangible items, as referenced in this letter and its attachments, which are within the possession, custody or control of the government, and which are material to the preparation of the defendant's defense or are intended for use by the government as evidence in chief at the trial of this case, or were obtained from or belong to the defendant, may be inspected by contacting me and making an appointment to view the same at a mutually convenient time. To the extent you have received copies of these materials, all available originals may be inspected as well.

4. Reports of Examinations and Tests under Rule 16 (a)(1)(D)

There are presently no relevant reports of physical or mental examinations or scientific tests or experiments made in connection with this case. Of course, as you know from our discussions, exams and tests were conducted in the defendant's previous state court proceedings.

At the preliminary/detention hearing held on 10/29/03, you were provided with the following: a) Copy of 3/21/01 Commonwealth of Massachusetts Competence to Stand Trial Evaluation; b) Copy of 3/21/01 Commonwealth of Massachusetts Criminal Responsibility Evaluation; c) Copy of 2/4/02 Aid-in-Sentencing Evaluation; and d) Copy of 8/15/02 letter from Dr. Paul G. Cotton regarding his examination of the defendant. At that hearing, these documents were marked as exhibits 6 through 9, respectively.

In addition, as we discussed before the defendant's arraignment on 12/12/03, I will obtain the results/reports of a handwriting comparison that was performed in relation to the defendant's state court proceedings and provide you with copies of those materials as well. Should I receive any relevant transcripts from those proceedings, I will so advise you.

B.   Search Materials under Local Rule 116.1(C)(1)(b)

A search warrant was executed upon defendant Richards' vehicle on 12/18/01. A copy of the search warrant, application, affidavit, and return are enclosed. (Attached pages 81-89.)

All relevant materials relating to the search of the defendant's car, including photographs taken at the time of the search, may be inspected at a mutually convenient time.

C.   Electronic Surveillance under Local Rule 116.1(C)(1)(c)

No oral, wire, or electronic communications of the defendant as defined in 18 U.S.C. § 2510 were intercepted relating to the charge in the indictment.

D.   Consensual Interceptions under Local Rule 116.1(C)(1)(d)

There were no interceptions (as the term "intercept" is defined in 18 U.S.C. § 2510(4)) of wire, oral, or electronic communications relating to the charges contained in the indictment, made with the consent of one of the parties to the communication in which the defendant was intercepted or which the government intends to offer as evidence in its case-in-chief.

E.   Unindicted Coconspirators under Local Rule 116.1(C)(1)(e)

There is no conspiracy count charged in the indictment.

F.   Identifications under Local Rule 116.1(C)(1)(f)

I have no information indicating that the defendant was the subject of an investigative identification procedure used with a witness the government anticipates calling in its case-in-chief involving a line-up, show-up, photo spread or other display of an image of the defendant. In the event that I become aware that such a procedure was used, I will advise you at that time and provide you with copies of any tangible evidence reflecting, used in or memorializing the

3

identification procedure.

G.  <u>Exculpatory Evidence Under Local Rule 116.2(B)(1)</u>

The government is aware of no information or materials relating to this case of the types described in Local Rule 116.2(B)(1). To the extent that you consider information provided or discussed in this letter, its attachments or any prior disclosures to be "exculpatory" under Local Rule 116.2(B)(1), our obligation has been met by such disclosure.

H.  <u>Other Matters</u>

It is my understanding that while state and federal law enforcement officials were attempting to locate and arrest the defendant in late 2001, the defendant telephoned a family friend. I believe the origin of that phone call was determined by law enforcement to be a payphone in Cambridge, Massachusetts. I do not have documentation of this information, but if you deem it necessary, I will attempt to confirm it and disclose it to you.

The government is aware of its continuing duty to disclose newly discovered additional evidence or material that is subject to discovery or inspection under Local Rules 116.1 and 116.2(B)(1) and Rule 16 of the Federal Rules of Criminal Procedure.

The government requests reciprocal discovery pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure and Local Rule 116.1(D).

The government demands, pursuant to Rule 12.1 of the Federal Rules of Criminal Procedure, written notice of the defendant's intention to offer a defense of alibi. The time, date, and place at which the alleged offense was committed is set forth in the indictment in this case, a copy of which you have previously received.

Please call me at (202) 616-0727 if you have any questions.

Sincerely,

George Z. Toscas
Trial Attorney

[enclosures - pages numbered 1 through 89]

cc:  **Mr. Thomas Quinn**
     **Clerk to the Honorable Judge G. Dein**
     (w/o enclosures)