UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES

VS.

JAMES T. RICHARDS

DOCKET #03-10367-MEL

MOTION FOR LIBRARY ACCESS

FILED IN CLERKS OFFICE 2004 JUN -8 P 12:07 U.S. DISTRICT COURT DISTRICT OF MASS.

Now comes defendant, James T. Richards, and hereby requests that this Honorable Court order that the Plymouth County Correctional Center (hereafter, "P.C.C.C.") grant defendant access to whatever library services defendant needs to defend himself in this case.

As reason therefor, defendant states that he is currently housed in "Unit G" (a segregation unit) due to disciplinary sanctions based on conduct which allegedly occurred in December, 2003 when defendant was suffering from a mental illness from which he does not now suffer, as indicated by the report recently issued by psychiatrist Prudence Baxter, M.D. Those housed in the segregation unit (hereafter referred to as "G-Block") are not allowed to go to the library. The only access they have to library materials is via a paralegal who is not an expert in criminal law; who can only access material specifically identified by defendant; and it is impossible for defendant to identify what materials, cases, articles, etc. he might need unless he can search through the U.S.C.A. himself; search through the various cases referred to in the U.S.C.A.;

(1)

and Shepardize those cases that are on point.

For example, defendant will present an insanity defense, probably. Defendant needs to examine cases, statutes, and rules of procedure with reference to that defense; try to identify the conditions of its applicability; find any recent cases which present variations to the traditional definition of the defense; examine under what circumstances the defense can be used in conjunction with other defenses; find material which will allow him to help formulate suggested instructions to the fact-finder; and generally get a feel for how he might successfully use the defense. In making such a search via computer (and virtually all of P.C.C.'s legal material is on computer), defendant might search through one hundred or more cases, might alter the search parameters based on what he finds, might alter those parameters again, etc. The prison paralegal is not going to do such a search for defendant, she certainly won't do it in depth and with the facility defendant will use, she doesn't know the circumstances of defendant's complicated case so she won't know which cases will apply and which won't; she won't be able to make serendipitous findings which are often of great value in legal searches; and that's only one of the problems defendant will have.

The paralegal assisting prisoners at P.C.C.C. has been helpful to defendant about a number of things, but sometimes she may not understand certain areas of the law, even on simple matters. For example, not long ago defendant requested copies of <u>Mass. Rules of Civil Procedure</u>, Rules 1-6. The Paralegal instead gave defendant copies of Mass. <u>Rules of the Superior Court</u>, Rules 1-6. Defendant had earlier requested a copy of <u>Federal Rules of Criminal Procedure</u>, Rules 23-27. The paralegal instead gave defendant Federal Rules of <u>Appellate</u> Procedure, Rules 23-27.

Defendant needs to go to the library himself so that he can research the law himself in order to assure that he gets a fair trial.

Defendant hereby incorporates his accompanying affidavit in support of this motion.

Respectfully submitted,

James T. Richards, pro se

JAMES T. RICHARDS, #36350
P.C.C.C., CELL GNE-118
26 LONG POND RD.
PLYMOUTH, MA 02360