UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES

VS.

JAMES T. RICHARDS

DOCKETED 02-M-1003-JGD
03-CR-10367-MEL

FILED
IN CLERKS OFFICE
2004 JUN 10 A 11:20
U.S. DISTRICT COURT
DISTRICT OF MASS

REQUEST FOR INJUNCTIVE RELIEF

Now comes defendant and hereby requests that this Honorable Court enjoin the Plymouth County Correctional Center, the Federal Bureau of Investigation, the Department of Homeland Security, and any other state or federal entity from withholding, confiscating, taking, stealing, or destroying any mail of defendant, whether in violation of 18 U.S.C. 1702, or for any other reason, unless said withholding, confiscation, taking or destruction is lawful, and if lawful, that notice be provided to defendant that the mail has been withheld, confiscated, taken or destroyed, the reason therefor, and that defendant be given copies of any such mail, including a copy of the envelope and all the contents.

As reason therefor, defendant states that some of his mail is not reaching its destination; that mail which does reach its destination has apparently been opened, then taped shut, and frequently bears no postmark; that the mail which has been tampered with in this fashion arrives 5-7 days later than it normally would, sometimes more; that lawsuits defendant has sent to be filed

(1)

in (1) Plymouth District Court; (2) Dedham District Court; and (3) Brockton District Court were never received by said courts and that all these lawsuits were time-sensitive (i.e., defendant was reaching the end of statute of limitations periods); that defendant resent the lawsuit to Dedham District Court, and again the court never received the lawsuit; that defendant sent an important, time-sensitive motion to be filed in a case where he was the plaintiff in Norfolk Superior Court, and that motion was never received by the court; that defendant twice sent a letter to the Attleboro District Court requesting a cassette order form and blank affidavit of indigency, and the court either never received the letters or didn't reply to them; that defendant (as plaintiff in a civil case) sent two summonses complete with complaints (in another case) to the Civil Process Office of the Plymouth County Sheriff's Office, and these two summonses and complaints were apparently not received by said office; that defendant sent three letters to his mother which were never received, two letters of which described legal material defendant needs in the instant case which are in his mother's possession; that defendant sent a letter to his sister Ann and another to his sister Patti which were never received; and there were fourteen (14) other items sent since April 1, 2004 whose status

(2)

is unknown.

Defendant has drafted a more complete description of the items which were sent and never received, or whose status is unknown, which he will present to the court on the next court date and which defendant incorporates herein by reference (defendant would include it with this request, but it's ten pages — 2 stamps — and as we have seen, there's no guarantee the court, or prosecutor Toscas, will get the mail, and defendant can't risk ~~wasting~~ wasting four more stamps~~s~~).

Furthermore, defendant has sent at least eight documents or requests to the Legal Dept. at P.C.C.C. for copying or replies, and those items simply vanished.

Defendant avers that he has spent 19 months in prison at the Norfolk County Correctional Center and he never had any problems there with his mail. Defendant further avers that the disappearance of items has occurred mostly since March 1, 2004.

Respectfully submitted,

Date: June 1, 2004

James T. Richards

JAMES T. RICHARDS, # 36350
P.C.C.C., Cell GNE-114
26 LONG POND RD.
PLYMOUTH, MA 02360

(3)