UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | Criminal No. 03-10367-MEL |
| ) | |
| JAMES T. RICHARDS, ) | |

**GOVERNMENT'S MOTION FOR AN ORDER
REGARDING EXCLUDABLE TIME**

The United States of America, through its undersigned counsel, hereby moves pursuant to 18 U.S.C. § 3161 for an order excluding time from the period within which trial must commence under the Speedy Trial Act. In support of this motion, the United States sets forth the following:

1) On June 16, 2004, this Court ordered that the period of time between March 23, 2004 through June 8, 2004, be excluded from the time period within which trial must commence (Docket Entry No. 51).

2) During the period of time between June 8, 2004 and the date of this filing, numerous motions have been filed, responded to, and ruled upon. Additional motions filed by the defendant remained pending during that time period and some are currently pending; however, the United States is not in a position to fully describe each such motion because many of them have been filed *ex parte* with the Court.

3) On April 16, 2004, the defendant filed a Notice of Insanity Defense and Expert Testimony (Docket No. 34).

4) On June 7, 2004, the defendant filed a motion for funds to pay for a psychiatric evaluation in support of his insanity

defense (Docket Entry No. 40).

5) On June 8, 2004, during a hearing before this Court, the United States moved to have the defendant examined pursuant to 18 U.S.C. §4242(a) and Federal Rule of Criminal Procedure 12.2(c)(1)(B). The United States was ordered to supplement its oral motion in writing and did so on June 15, 2004 (Docket No. 47).

6) On June 22, 2004, the defendant filed an *ex parte* motion to withdraw his notice of insanity defense without prejudice until such time that he could undergo an independent psychiatric evaluation (Docket Entry No. 57). In essence, the defendant was seeking to stay the Court's decision on the United States' request for a Court-ordered psychiatric evaluation until he was able to first undergo an independent examination from another doctor. In his motion, the defendant advised the Court that he was submitting a separate *ex parte* request for funds to pay for such an evaluation in support of his insanity defense.

7) On July 23, 2004, the defendant filed a letter advising the Court that he is still in the process of finding a psychiatrist to perform a criminal responsibility evaluation and that he will "contact" the Court when he is able to provide the identity of a doctor and the cost of such an evaluation (Docket Entry No. 66).

---

[1] Even though the defendant marked the motion as an *ex parte* pleading, he nonetheless served it upon counsel for the United States.

8) Based upon the filing and pendency of the numerous motions referenced in paragraph 2 above, the time period between June 8, 2004 through the filing of this pleading, would be excludable pursuant to 18 U.S.C. § 3161(h)(1)(F), which calls for exclusion of periods of "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion."

9) In addition, the time period between June 8, 2004 through a reasonable date in the future, would be excludable pursuant to 18 U.S.C. § 3161(h)(8)(A) and (B)(iv) in that the defendant has advised the Court that he is pursuing an insanity defense and that he has been in the process of identifying a doctor to perform a psychiatric evaluation in support of that defense. The ends of justice served by granting the defendant reasonable time to identify a doctor in order to prepare such a defense outweigh the best interest of the public and the defendant in a speedy trial.

10) The defendant did not advise the Court of a date by which he may be in a position to proceed with a psychiatric evaluation, other than to say that he will "contact" the Court when he identifies a doctor. As such, it would be appropriate to exclude time through a reasonable date in the future, subject to future requests or orders to exclude time.

Accordingly, based upon the foregoing reasons, the United States requests an order excluding the period of time from June 8, 2004 through a reasonable date in the future, from the time period within which trial must commence.

Respectfully submitted,

CHRISTOPHER A. WRAY
Assistant Attorney General
Criminal Division

By: _____
GEORGE Z. TOSCAS
Trial Attorney
United States Department of Justice
(202) 616-0727

August 6, 2004

CERTIFICATE OF SERVICE

This is to certify that I have this day served upon the persons listed below a copy of the foregoing document by depositing in the United States mail a copy of same in an envelope bearing sufficient postage for delivery:

Defendant James T. Richards (Pro Se)
c/o Norfolk County Correctional Center
200 West Street
P.O. Box 149
Dedham, MA 02027

Miriam Conrad, Esq. (Stand-by counsel)
Federal Defender Office
408 Atlantic Avenue, 3rd Floor
Boston, MA 02110

_____
GEORGE Z. TOSCAS
TRIAL ATTORNEY

August 6, 2004

4