UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA,       )
                                )
          v.                    )      Criminal No. 03-10367-MEL
                                )
JAMES T. RICHARDS,              )

**GOVERNMENT'S MOTION REGARDING STAY OF PROCEEDINGS
PENDING RESOLUTION OF DEFENDANT'S APPEAL**

On July 7, 2004, the defendant filed a motion to recuse
Judge Lasker from this case (Docket Entry No. 64).  The motion
was denied by order dated July 12, 2004 (Docket Entry No. 65).
On August 2, 2004, in this Court, the defendant filed a letter he
had written to the Clerk of the "U.S. Court of Appeals" in which
he stated a desire to appeal the denial of his motion to recuse
(Docket Entry No. 70).  The letter was treated as a notice of
appeal and was forwarded to, and subsequently docketed by, the
Clerk's office for the United States Court of Appeals for the
First Circuit (Docket Entry No. 80).  The defendant has
subsequently filed numerous other motions in this Court.  The
United States seeks a ruling from this Court as to whether all
proceedings in this Court will be stayed pending resolution of
the matter that has now been docketed in the Court of Appeals.

As a general rule, the filing of a notice of appeal divests
a district court of authority to proceed with respect to any
matter touching upon, or involved in, the appeal.  United States
v. Brooks, 145 F.3d 446, 455 (1st Cir. 1998); United States v.
Mala, 7 F.3d 1058, 1061 (1st Cir. 1993).  The First Circuit has

stated that this rule

> derives from the notion that shared
> jurisdiction almost always portends a
> potential for conflict and confusion, and
> although there has been some movement in the
> direction of a more flexible approach, the
> principle that jurisdiction over a single
> case ordinarily should reside in a single
> court at any single point in time has
> widespread applicability.  Allowing more than
> one court to take charge of a case at any
> given moment often disserves the interests of
> comity and judicial economy.

Brooks, 145 F.3d at 456 (internal citations omitted).  An
exception to this rule allows a district court to proceed with a
case "if the notice of appeal is defective in some substantial
and easily discernible way (if, for example, it is based on an
unappealable order)..."  Brooks, 145 F.3d at 456.

In the present case, the United States submits that this
Court's denial of the defendant's recusal motion is not an
appealable order.  See In re Martinez-Catala, 129 F.3d 213, 217
(1ˢᵗ Cir. 1997)(Ordinarily, a district judge's refusal to recuse
is reviewable only on appeal of a final judgment.)  On its own,
that fact would appear to weigh in favor of this Court's
maintaining control of the case and sharing jurisdiction with the
Court of Appeals.  However, it is possible that the Court of
Appeals may liberally construe the defendant's pro se notice of
appeal as a petition for a writ of mandamus, which may properly
be considered by the Court of Appeals on an interlocutory basis.
See id. at 217-18.

In addition, the issue upon which the defendant bases his
attempted appeal - recusal - touches upon all remaining issues

before this Court since each will require rulings from the very
judge the defendant has sought to have recused from the case. As
a result, the issue on appeal does not appear to create the type
of situation which would accommodate shared jurisdiction over the
case[1] and it may very well be appropriate to stay the proceedings
in the district court pending a mandate from the First Circuit.

Accordingly, the United States seeks a ruling as to whether
proceedings before this Court will be temporarily stayed pending
the resolution of the matter which the defendant has caused to be
docketed in the Court of Appeals.

Respectfully submitted,

CHRISTOPHER A. WRAY
Assistant Attorney General
Criminal Division

By:
GEORGE Z. TOSCAS
Trial Attorney
United States Department of Justice
(202) 616-0727

August 23, 2004

---

[1] See United States v. Brooks, 145 F.3d 446, 456 (1st Cir.
1998)("By its nature, any suggestion of shared jurisdiction is
sensitive and, thus, the administration of this principle
requires a delicate touch. At most, shared jurisdiction
flourishes in a circumscribed cluster of situations, the handling
of which is not inconsistent with the prosecution of an appeal.
These situations include the processing of such peripheral or
ancillary aspects of the case as motions for counsel fees,
actions 'in aid of execution of a judgment that has been appealed
and not stayed,' and orders relating to procedures 'in aid of the
appeal.'")(internal citations omitted).

3

## CERTIFICATE OF SERVICE

This is to certify that I have this day served upon the persons listed below a copy of the foregoing document by depositing in the United States mail a copy of same in an envelope bearing sufficient postage for delivery:

Defendant James T. Richards (Pro Se)
c/o Norfolk County Correctional Center
200 West Street
P.O. Box 149
Dedham, MA 02027

Miriam Conrad, Esq. (Stand-by counsel)
Federal Defender Office
408 Atlantic Avenue, 3rd Floor
Boston, MA 02110

GEORGE Z. TOSCAS
TRIAL ATTORNEY

August 23, 2004

4