FILED
IN CLERKS OFFICE

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

2004 SEP 23  A 11: 41

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v.  ) | Criminal No. |
| ) | |
| JAMES T. RICHARDS,  ) | |

### GOVERNMENT'S MOTION FOR THE COMMITMENT OF THE DEFENDANT FOR FURTHER PSYCHIATRIC OR PSYCHOLOGICAL EXAMINATION

The United States of America, through its undersigned counsel, hereby moves pursuant to 18 U.S.C. §§ 4241 and 4247 for an order committing the defendant to the custody of the Attorney General for placement in a suitable facility for a psychiatric or psychological examination.

As grounds therefore the Government states that:

1.   The defendant has already been ordered to be detained pending trial in this matter (Docket Entry No. 8), so the requested commitment would merely require his transfer to an appropriate facility.

2.   Based upon reasonable cause to believe that the defendant was then suffering from a mental disease or defect rendering him mentally incompetent within the meaning of 18 U.S.C. §4241(a), the defendant was ordered to undergo a psychiatric examination by Dr. Prudence Baxter (Docket Entry No. 29).[1]

---

[1] The United States had requested that a full competency examination and evaluation be performed at an appropriate Bureau of Prisons facility. However, the defendant proposed Dr. Baxter (whose credentials the United States did not and does not contest) as an alternative since her examination would not

3. Based upon the report of evaluation submitted by Dr. Baxter after her examination of the defendant, the parties waived further hearing on the issue and the Court held that the defendant was not then suffering from a mental disease or defect rendering him mentally incompetent within the meaning of 18 U.S.C. § 4241(a) (Docket Entry No.38).

4. During a status hearing held on September 21, 2004, this Court stated that the defendant's recent behavior and decision-making have once again called into question the defendant's competence to stand trial in this matter. The Court indicated that Dr. Baxter's report warned that if the Court witnessed the defendant "making irrational decisions or behaving in an erratic manner, the issue of his competence could be revisited." After stating that it had found sufficient reason to presently question the defendant's competence to proceed to trial, this Court ordered that the defendant undergo further examination by Dr. Baxter.

5. Following the Court's oral ruling, the United States suggested having the Bureau of Prisons (BOP) conduct the required examination(s) in one of the few BOP facilities that are specifically designed, and ordinarily utilized, for such medical testing. The Court stated that it would consider that procedure.

The United States hereby requests that the defendant undergo further psychiatric or psychological evaluation at a BOP facility

---

require the physical transfer of the defendant to another facility and would thereby take less time to complete.

2

suitable for such testing. As the Court is aware, the BOP is readily equipped to conduct such evaluations and has doctors and other personnel on its staff who can perform all of the required testing. By utilizing the BOP facilities that have been designed for these purposes, this Court and all parties can avoid the need to independently hire an outside doctor and to clear the doctor into the defendant's current detention facility each time testing is to be performed. The use of a BOP facility will allow for a full examination of the defendant in conditions that will not entail the difficulties and limitations associated with the use of an independently-retained, private doctor.

Accordingly, pursuant to 18 U.S.C. §§ 4241 and 4247, the United States hereby moves this Court for an order committing the defendant to the custody of the Attorney General for placement in a suitable facility for further psychiatric or psychological examination.

Respectfully submitted,

CHRISTOPHER A. WRAY
Assistant Attorney General
Criminal Division

By: _____
GEORGE Z. TOSCAS
Trial Attorney
United States Department of Justice
(202) 616-0727

September 22, 2004

3

CERTIFICATE OF SERVICE

This is to certify that I have this day served upon the person listed below a copy of the foregoing document and the attached proposed order by depositing in the United States mail a copy of same in an envelope bearing sufficient postage for delivery:

>Defendant James T. Richards (Pro Se)
>c/o Norfolk County Correctional Center
>200 West Street
>P.O. Box 149
>Dedham, MA 02027

GEORGE Z. TOSCAS
TRIAL ATTORNEY

September 22, 2004

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

Criminal No.
03-10367-MEL

UNITED STATES OF AMERICA

V.

JAMES T. RICHARDS

ORDER

This Court finds that there is reason to believe that the above-named defendant may be presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequence of the proceedings against him or to assist properly in his defense, within the meaning of 18 U.S.C. §4241(a), and hereby orders as follows:

(1) Pursuant to the provisions of 18 U.S.C. §§4241(b) and 4247(b), the above named defendant is ordered committed to the custody of the Attorney General for a period not to exceed thirty (30) days for placement at a suitable facility, designated by the Bureau of Prisons, at which an examination pursuant to 18 U.S.C. §4247(b) by one or more licensed or certified psychiatrists or clinical psychologists may be conducted.

(2) Pursuant to 18 U.S.C. §§4241(b) and 4247(c), it is further ordered that one or more of the licensed psychiatrists or clinical psychologists who examine the defendant prepare a written report and file said report with the Court and mail copies to

Department of Justice Trial Attorney George Z. Toscas, 601 D Street, N.W., Suite 6500, Washington, D.C. 20530, and defendant James T. Richards, c/o Norfolk County Correctional Center, 200 West Street, P.O. Box 149, Dedham, MA 02027. It is further ordered that the report contain the information specified in 18 U.S.C. §4247(c)(1)-(3) and 4(A).

(3) Pursuant to 18 U.S.C. §3161(h)(1)(A), an order of excludable delay for purposes of computing the time within which the trial of this case must commence is hereby entered, excluding from such computation all time starting on September 21, 2004, the date that such examination was ordered in open court, and concluding on the date of the hearing which will be conducted before this Court under 18 U.S.C. §4247(d) for the purpose of determining the competency of the defendant, or on such subsequent date that this Court rules on the competency of the defendant.

_____                    _____
Date                                   United States District Judge



**U.S. Department of Justice**

Criminal Division

*Counterterrorism Section*  Washington, D.C. 20530

```
         FILED
     IN CLERKS OFFICE

     2004 SEP 23  A 11: 40

      U.S. DISTRICT COURT
      DISTRICT OF MASS.
```

September 22, 2004

Office of the Clerk
U.S. District Court for the District of Massachusetts
U.S. Courthouse
1 Courthouse Way
Suite 2300
Boston, Massachusetts 02210

      Re:    <u>U.S. v. James T. Richards</u>, Criminal No. 03-10367-MEL

Dear Sir/Madam:

    Enclosed please find for filing one original and one copy of the GOVERNMENT'S MOTION FOR THE COMMITMENT OF THE DEFENDANT FOR FURTHER PSYCHIATRIC OR PSYCHOLOGICAL EXAMINATION.

    Pursuant to instructions received from chambers, the copy of the pleading is provided for Judge Lasker. Please hand-deliver it to his chambers as soon as possible. I will retrieve a file-stamped copy of the pleading from the PACER system.

    Thank you for your attention in this matter.

                                      Sincerely,

                                      George Z. Toscas
                                      Trial Attorney