```
                UNITED STATES DISTRICT COURT
                  DISTRICT OF MASSACHUSETTS


UNITED STATES OF AMERICA    )
                            )
                            )
v.                          )              03-CR-10367-MEL
                            )
                            )
JAMES T. RICHARDS           )              O R D E R
```

LASKER, D.J.

On April 22, 2004, the defendant, James T. Richards, was, at the Order of the Court, examined by Prudence Baxter, MD, to determine his competence to stand trial pursuant to 18 U.S.C. § 4247(b). Dr. Baxter found Mr. Richards to be competent to stand trial at the time of the examination but concluded her report by stating:

> Mr. Richards has indicated that there have been times in his past when he has become hypomanic or manic under stress. To the extent that competence to stand trial is related to an individual's mental condition at a specific point in time, if the stress of these proceedings causes Mr. Richards to become acutely symptomatic, or if the court sees him making irrational decisions or behaving in an erratic manner, the issue of his competence could be revisited.

At a hearing in open Court on various matters in this case on September 21, 2004, I found that Mr. Richards' behavior

in applying to the United States Court of Appeals, First Circuit, for a "Writ of Mandamus, ordering the United States Justice Department to charge petitioner (that is, defendant Mr. Richards) with treason and other crimes, which members of the Justice Department know he has committed," was evidence of Mr. Richards' making "irrational decisions" and behaving in an "erratic manner."

I concluded therefore that it was proper and in the interest of justice that Mr. Richards be re-examined by Dr. Baxter as to his competence to stand trial in accordance with the criteria set forth in 18 U.S.C. § 4241(a) to which Dr. Baxter referred in her earlier report.

After the Court proceeding referred to above, the government moved that Mr. Richards be committed to the custody of the Attorney General for placement in a suitable facility for psychiatric or psychological examination. Mr. Richards has opposed the government's motion.

The government's motion is denied because: (1) I conclude that Dr. Baxter has demonstrated, by the thoroughness and perspicuity of her earlier report that she is well-qualified to conduct a further examination of Mr. Richards, (2) examination by Dr. Baxter can be arranged without transferring custody of Mr. Richards from one institution to another, and (3) it can be

concluded more promptly than examination in a government facility.

Accordingly, it is ORDERED that pursuant to 18 U.S.C. § 4247(b) defendant James T. Richards shall be examined by Dr. Prudence Baxter at a time and place to be promptly arranged by stand-by counsel, George F. Gormley, Esq., for Mr. Richards.

Dr. Baxter's report shall include: Richards' history and present symptoms; a description of the psychiatric, psychological, and medical tests that were employed and their results; the examiner's findings; and the examiner's opinions as to diagnosis and prognosis, including whether the defendant is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings or to assist properly in his defense.

A hearing pursuant to 18 U.S.C. § 4247(d) will be scheduled upon receipt of the report.

The United States Attorney shall pay all expenses incurred in connection with the above-ordered examination.

It is so ordered.

Dated:    October 28, 2004
          Boston, Massachusetts        /s/ Morris E. Lasker
                                       U.S.D.J.