UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DOCKET NO.: 03-CR-10367-MEL

UNITED STATES          )
                       )
VS.                    )
                       )
JAMES T. RICHARDS      )
                       )

## DEFENDANT'S OPPOSITION TO GOVERNMENT'S MOTION FOR RECONSIDERATION OF NOVEMBER 23, 2004

Now comes defendant and hereby requests that this Honorable Court deny the government's motion for reconsideration.

As reason therefore, defendant states that on November 6, 2004, he had a "competency to stand trial" examination by Dr. Prudence Baxter. After examining defendant at N.C.C.C. on November 6, Dr. Baxter had to recuse herself due to a conflict of interest which she apparently learned about in the course of the evaluation or when examining documents relating to the evaluation. Dr. Baxter then recommended a Dr. Brower to do the evaluation of defendant at N.C.C.C. Apparently Dr. Baxter did not feel that defendant needed to be evaluated at a government facility, or presumably she would have so informed the court.

Furthermore, Dr. Brower is scheduled to visit with defendant on Saturday, December 11, 2004 in order to perform the evaluation, as ordered by Justice Lasker. Thus, by December 14, 2004, the deadline date for this opposition, Dr. Brower will have met with defendant, will have examined documents relating to the case, and presumably will

1

have formed at least an initial opinion as to defendant's competence to stand trial.

Dr. Baxter performed a competency evaluation of defendant several months ago and found him to be competent. The court ordered another evaluation based on certain statements made by defendant in court, and based on certain pleadings made by defendant.

Defendant realizes his statements in court, and some of the things he has said in pleadings, suggest that he is a very angry person. Defendant begs the court's indulgence. Defendant *is* a very angry person. That's entirely consistent with his allegations that his daughter is being hurt, and that he has found it impossible to protect her using legal means, which naturally leads to tremendous frustration. (It's worth noting that defendant first tried to get protection for his daughter when she was three months old, and that defendant's ex-wife has a dead child in her past who died in major part due to the mother's negligence, according to the mother's own account of the child's death.)

If defendant has done extreme things to try to protect his daughter, which he has, that's entirely consistent with defendant's contention, and the statements of many others, that defendant was and is still trying to be a good father. If defendant has unfairly offended the court in the process, he apologizes.

Defendant contends that both the U.S. government and the Commonwealth of Massachusetts are in the business of protecting the people who are hurting defendant's child. Defendant doesn't think this is some kind of conspiracy. He says it because sometimes people

2

are able to fool the government, and his ex-wife and her husband <u>have</u> fooled the government (and have excellent reason to do so, because if the truth were known, they might well be facing criminal charges.)

Defendant doesn't believe the government wants to be the bad guys, but in this case, they are. It is probably impossible for the Court, or the government, not to prejudge this case based on defendant's criminal record. He has been painted by his ex-wife to be an evil, violent person. He has misdemeanor convictions for assault and battery, making annoying phone calls (to his psychiatrist of 15 years), and "threat to file a lawsuit" (against the same psychiatrist, who he later sued). He also has a felony conviction for making a false bomb threat, and he has a restraining order against him. Plus, he has bipolar disorder. How can he be the good guy?

Defendant nevertheless maintains that he is the good guy, that his ex-wife was able to thwart all of defendant's efforts to protect his daughter, and that the government, including Mr. Toscas, is in the business of protecting the people who are hurting his daughter. Defendant doesn't conclude from this that Mr. Toscas is evil - he's just been one of those who look at the record, and assume from it he can draw conclusions about defendant which are true, but which turn out on more extended analysis not to be true. As defendant has repeatedly said, he has never been convicted of any crime prior to the time his daughter was born, when defendant was 42. The court, and the government, should at the very least withhold judgment of the issue of

3

defendant's "evilness", because ultimately what the court and the government want is that my daughter be protected.

I know i've overstated the argument in opposition to the government's motion, but sometimes that's what fathers do. They do a little extra to try to protect their children. I assume both the court and Mr. Toscas have done the same thing on occasion, or would if the need arose.

Date: _____

Respectfully submitted,

_____
James T. Richards, 22410
N.C.C.C., PMX-5
200 West St., PO Box 149
Dedham, MA 02027-0149

4

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DOCKET NO. 03-CR-10367 MEL

UNITED STATES OF AMERICA )
)
VS. )
)
)
JAMES T. RICHARDS )
)

## DEFENDANT'S MOTION FOR HEARING

Now comes defendant and hereby requests that this Honorable Court set a hearing on the "Defendant's opposition to government's motion for reconsideration of november 23, 2004".

Respectfully submitted on December 8, 2004.

_____
James T. Richards, 22410, pro se
N.C.C.C., PMX-5
200 West St.
Dedham, MA 02027-0149

3

CERTIFICATE OF SERVICE

I, James T. Richards, hereby certify that I have sent a copy of the accompanying DEFENDANT'S OPPOSITION TO GOVERNMENT'S MOTION FOR RECONSIDERATION OF NOVEMBER 23, 2004 and "Motion for Hearing" to:

George Z. Toscas, U.S. Justice Department, Criminal Division, 950 Pennsylvania Ave. N.W., Washington, D.C. 20530-0001 and defendant's standby attorney, George Gormley, Esq., 655 Summer St., Boston, MA, via first-class mail, postage prepaid, on December 9, 2004.

_James T. Richards_
James T. Richards, 22410, pro se
N.C.C.C., PMX-5
200 West St.
Dedham, MA 02027-0149

7