UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DOCKET NO.: 03-CR-10367-MEL

| | |
|---|---|
| UNITED STATES | ) |
| | ) |
| VS. | ) |
| | ) |
| JAMES T. RICHARDS | ) |

**DEFENDANT'S EX PARTE MOTION FOR MORE LIBRARY TIME III**

Now comes defendant and hereby requests that this Honorable Court order that the Norfolk County Correction Center grant defendant more library time, for numerous reasons.

As reason therefor, defendant states that he is currently allowed to go to the library an average of 135 minutes per week. Of that 135 minutes, <u>defendant gets only approximately 80-90 minutes per week on the computer to do research</u>.[1]

Defendant will be using three defenses: (1) insanity; (2) necessity; and (3) an "international law defense" (i.e., that the governments of the United States and Massachusetts violated international laws regarding the protection of children, that as a result of those violations defendant's daughter was not receiving proper protection; and that defendant was therefore justified in

---

[1] Defendant is currently allowed to go to the library from 8:30 a.m. to 10:15 a.m. on Wednesdays of each week, and from 8:30 a.m. to 10:15 a.m. on alternate Fridays. After factoring in travel time to and from the library, the time defendant is allowed to spend at the library amounts to approximately 8:40 a.m. to 10:10 a.m. on Wednesdays of each week, and from 8:40 a.m. to 10:10 a.m. on alternate Fridays. That amounts to 90 minutes each Wednesday, and 90 minutes on alternate Fridays, or an average of 135 minutes per week. Of that 135 minutes, <u>defendant gets only approximately 80-90 minutes per week on the computer to do legal research due to the small number of computers and the large number of prisoners wanting to use them.</u>

2

trying to protect her himself). <u>Those defenses require library time for legal research. Denying defendant sufficient library time is a denial of due process and equal protection of the laws which are available to non-incarcerated pre-trial detainees.</u>

In attempting to defend himself in the instant case, defendant is currently attempting to do a number of things that require legal research. For example, he is currently trying to get records from the Attleboro District Court and the Brookline District Court regarding two misdemeanor convictions which defendant maintains were wrongful and which should be overturned or voided. <u>Those cases will affect any sentencing decision which might be made in the instant case.</u>

Defendant has found it impossible so far to get the records and audiotapes from the named courts. He sent a motion to the Attleboro District Court which the clerk's office there never filed. In that motion, defendant contends that a wrongful entry of conviction was made in the docket entries, and that defendant had believed at the date of disposition of the case that the case had been dismissed with no guilty finding. For more than two years, defendant has tried to get his attorney in that case to give defendant a letter stating what the attorney understood the disposition in that case to be, or to give defendant the attorney's notes regarding the disposition. Defendant could get no response from the attorney. <u>As a consequence, defendant recently brought an action in Norfolk Superior Court against the attorney, David Scott,</u> to get a letter from the attorney, or to get the attorney's notes in that action. <u>Defendant needs library time to</u>

3

<u>research material for that action, which is related to defendant's current federal case</u>.

Defendant can't even get a copy of the docket entries from the Attleboro District Court on that case, which again, would affect sentencing in the instant case, nor can defendant get a copy of the audiotape. Defendant can't even get the clerk's office in Attleboro to file a properly-submitted motion so that the judge can rule on supplying defendant with those items. As a result, defendant must go to the Bristol County Superior Court seeking a writ of mandamus against the clerk's office in Attleboro. <u>That, too, requires library time to do the research, and is related to defendant's current federal case</u>.

Defendant has also found it impossible to get records or a copy of the audiotape of the disposition hearing from the Brookline District Court. Defendant contends that his conviction in the Brookline District Court was specifically listed in court records as "Threat to file a lawsuit". (Defendant later sued the person he allegedly threatened.) Defendant maintains that "Threat to file a lawsuit" is not a crime, and therefore defendant's conviction was wrongful and thus should be overturned, and he is trying to get the records from the court so that he can get it overturned. However, due to the non-cooperation of the Brookline District Court, defendant may have to go to the Norfolk Superior Court to get an order in the nature of a former writ of mandamus ordering the Brookline District Court to supply defendant with the records he needs and to supply him with the audiotape of the disposition hearing, if the audiotape exists. To do

4

that, <u>defendant needs time in the library to research how obtaining a writ of mandamus can properly be done. The proper resolution of that matter could affect sentencing in the instant case.</u>

Defendant is also suing his two brothers in Brockton District Court for money which the brothers owe to defendant. <u>That requires legal research time</u>. The brothers made an offer of settlement. Terms are currently being worked out, but a settlement may not be obtainable without more of a battle. <u>Defendant needs the money his brother owes him to pay for such things as his recently submitted "Petition for Writ of Mandamus" in federal court, which is related to the instant case.</u> There, even though Justice Gorton found that defendant was indigent, he nevertheless charged him the $150.00 filing fee, to be taken out of defendant's canteen. (Defendant uses his canteen account primarily to purchase stamps, paper, pens, and envelopes to carry out his defense in the federal court and associated matters, some of which are described herein.)

Defendant also needs library time to research the statute under which he is charged (18 U.S.C. sec. 876), because it appears that the statute may not apply to the conduct alleged against defendant, as there is no specific threat against any particular person in the package of documents defendant allegedly sent to U.S. Attorney Sullivan. Defendant has already written to the Library of Congress to obtain a copy of the hearing in the House of Representative when the applicable provision of the statute was deliberated prior to adoption; the Library of Congress referred defendant to local law libraries.

5

Defendant then wrote to the law library at Boston College Law School two months ago, but never received a reply.

Defendant also needs to sue Mass. Attorney General Thomas Reilly for damages for wrongfully withholding information in a lawsuit which defendant brought against a state psychologist who performed an evaluation on him. Reilly's office knew that defendant should have sued the government itself, not the psychologist (who was a state employee), but it never so informed defendant, so that defendant's well-founded case for damages caused by the doctor was dismissed because defendant sued the doctor, not the government. Reilly's office is not only an adversary, but a government office which is supposed to supply information to the public. Reilly's office, by withholding information, denied defendant his opportunity to obtain redress for damages.

Defendant also needs to know how to file interlocutory appeals in the present case. He needs library time to do that.

Defendant also has a case in Quincy District Court (0456CV001841) against his daughter's guardian ad litem and his ex-wife's attorney charging them with defamation and a conspiracy to obstruct justice. Defendant is a pre-trial detainee, is therefore presumed innocent, and therefore should not be forced to forfeit his right to sue anyone who has harmed him. <u>He needs library time to research the case against the GAL and his ex-wife's attorney and to prosecute the lawsuit against them</u>. Denying defendant library time for that case amounts to an unlawful forfeiture.

6

Defendant also filed a complaint for contempt against his ex-wife's attorney in the Essex Probate and Family Court. That case mysteriously vanished; it was never filed. Among many other things, the complaint alleged that the ex-wife's attorney wrongfully attempted to influence a court clerk in the office of the Essex Probate and Family Court. <u>Defendant needs library time to research that case</u> in order to protect his daughter and to protect his own rights, which should not be forfeited simply because he is a pretrial detainee.

Defendant is also suing the Sheriffs' Offices in Norfolk and Plymouth County for an injunction against illegal conditions of confinement (against the Norfolk Sheriff's Office), for damages (against both offices) and for other wrongs committed against him, including return of confiscated items related to the instant case (in the case of the Plymouth Sheriff), and for other matters. Defendant has a right to sue to put a stop to illegal conditions and for damages and as a pretrial detainee he does not forfeit his right to sue for damages and for other matters. <u>Denying him library time amounts to an illegal forfeiture, a denial of due process and a denial of equal protection of the law</u>.

Defendant is housed in a unit of 40 beds, some of which are currently unfilled. Two of his fellow inmates, Hal Stonier and Paul DeCologero, go to the library time almost every day. It would be no inconvenience whatsoever to N.C.C.C. for defendant to have more library time.

To summarize:

7

<u>First</u>, defendant needs more library time to research three defenses: (a) insanity; (b) necessity; and (c) an international law defense.

<u>Second</u>, in attempting to defend himself in the instant case, defendant is currently trying to get records from the Attleboro District Court, which has not been forthcoming. Thus, defendant may need to file a petition with the Bristol Superior Court in the nature of a writ of mandamus ordering the Attleboro court to supply defendant with a copy of the docket entries and a copy of the audiotape of the disposition hearing, if one is available, and he needs to be able to do research to file the petition and prosecute it properly.

<u>Third</u>, defendant needs to research how to overturn his conviction in the Attleboro Court.

<u>Fourth</u>, defendant needs to get records from the Brookline District Court and, because the court has not been forthcoming, may need to file for a petition in the nature of a writ of mandamus in the Norfolk Superior Court ordering the Brookline District Court to produce the documents and audiotape which defendant is requesting.

<u>Fifth</u>, defendant needs to research how to overturn his "threat to file a lawsuit" conviction in the Brookline District Court.

<u>Sixth</u>, defendant needs to do legal research for his case in Norfolk Superior Court against Attorney David Scott (his attorney in the Attleboro case) to get documents in the possession of Attorney Scott which Scott has withheld from defendant.

Seventh, defendant needs to do legal research in his case against his brothers in order to get money due him so that he can pay for prosecuting all his other legal actions.

Eighth, defendant needs to do legal research for any interlocutory appeals which may arise in the present case.

Ninth, defendant also needs library time to research the statute under which he is charged in the instant case, because it appears that the statute may not apply to the conduct alleged against defendant.

Tenth, defendant needs library time for research in a case he has in Quincy District Court (0456CV001841) against his daughter's guardian ad litem and his ex-wife's attorney charging them with defamation and a conspiracy to obstruct justice.

Eleventh, defendant needs library time to research how to re-file a case against his ex-wife's attorney which mysteriously vanished, and which is now running into statute of limitations problems.

Twelfth, defendant needs to do legal research in his lawsuit against the Sheriffs' Offices of Norfolk and Plymouth County for an injunction, damages and other wrongs. Defendant needs to know who to serve and he needs to know matters relating to injunctions, special rules when suing correctional institutions, whether he must sue the U.S. government as well as the state Houses of Corrections, etc. Part of this lawsuit is an attempt to recover documents confiscated by the Plymouth House of Correction which are part of the instant case.

Thirteenth, defendant needs to sue Mass. Attorney General Thomas Reilly for damages for wrongfully withholding information in a lawsuit

which defendant brought against a state psychologist who performed an evaluation on him.

The Attleboro and Brookline cases listed above will affect any sentencing decisions which might be made in the instant case. The Norfolk Superior Case against Attorney David Scott is directly related to the instant case. The case against defendant's brothers will give defendant the money he needs to get things done in the case listed herein. The case against the Plymouth House of Correction is needed to obtain documents related to the instant case which were confiscated by correctional officials. The case against the Norfolk House of Correction concerns current terms of confinement. The other cases have been brought, or will be brought, to preserve defendant's rights and seek redress for wrongs done to him.

Wherefor, defendant seeks the same amount of library time which is available to other federal defendants in his unit, which is approximately ten hours per week.

Date: 12/12/04

Respectfully submitted,

James T. Richards, 22410
N.C.C.C., PMX-5
200 West St., PO Box 149
Dedham, MA 02027-0149

10