UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Docket No. 03-10367 MEL

UNITED STATES OF AMERICA

vs.

JAMES T. RICHARDS

## DEFENDANT'S MOTION THAT THE COURT USE ITS COMMON LAW POWERS TO CREATE A NEW DEFENSE

Now comes defendant in the above-entitled action and hereby requests that this Honorable Court use its traditional common-law powers to create a new defense to accommodate the circumstances in this case.

As reason therefore, defendant states that Attorney Gormley, and another attorney, have both informed him that there is no defense in the law to the situation defendant was in when he allegedly committed the crime with which he is charged. Specifically, defendant's daughter was being severely abused since she was an infant. Defendant had repeatedly pursued all legal remedies in order to stop the abuse, to little or no avail, and not only was the abuse continuing despite defendant's efforts; a court of the commonwealth of Massachusetts had helped make the abuse even worth, and defendant's child was suffering more than ever as a result. It was under these circumstances that defendant allegedly made a threat in order to try to get relief for his child.

In order to establish the basis for the proposed defense, defendant is prepared to prove that his daughter was being severely abused. Defendant is also prepared to show that he attempted to stop the abuse by going to the police, the child protective authorities, and the Essex Probate and Family Court. Defendant is further prepared to show that instead of the child being protected, the agencies of government charged with her protection didn't help at all, and the Essex Probate and Family Court actually made things far worse for his daughter.

Specifically, the defendant is prepared to show that the mother (defendant's ex-wife) began abusing their daughter when the child was an infant and that after the defendant and his ex-wife were divorced, the ex-wife got remarried and she and the stepfather were abusing the child.. Defendant is further prepared to show that the abuse was physical, emotional and sexual.

Defendant is prepared to show that he contacted the following agencies and departments one or, in most cases, numerous times regarding his daughter's abuse

1

beginning when the child was an infant: (1) the Attleboro Police Department; (2) the Mass. Department of Social Services (DSS) in Attleboro; (3) the Tulsa, Oklahoma Police Department; (4) the Oklahoma Department of Human Services; (5) the Barnstable, Mass. Police Department; (6) the Haverhill Police Department; (7) Mass. DSS in Haverhill, Mass.; (8) the Essex Probate and Family Court; (9) Assistant U.S. Attorney General Eleanor Acheson, with whom defendant used to work at Ropes and Grey in Boston; (10) then Plymouth County District Attorney (now U.S. Attorney) Michael J. Sullivan.

Defendant is further prepared to show that others also contacted DSS about the abuse of defendant's daughter. Specifically, the Barnstable Police contacted DSS about the abuse after the stepfather admitted hitting the child the first day that she and the mother moved in with him (at the time, the child was only three years old); several weeks later, an emergency room doctor at Hale Hospital filed a 51A report of abuse with DSS-Haverhill after the stepfather hit the child in the eye; a psychiatrist filed a 51A report of abuse against the mother and the stepfather with DSS-Haverhill; and a social worker filed a 51A report of abuse against the mother and the stepfather with DSS-Haverhill.

Defendant is further prepared to show that nine members of his family not only witnessed some of the abuse or its effects after the child, his mother and defendant returned to Massachusetts from Oklahoma in April, 2000, but signed affidavits attesting to the abuse or its effects and/or the abusive behavior by defendant's ex-wife toward their own children, and that one of those family members, defendant's brother-in-law, Anthony Antonellis, was not only a social worker who was working for the Mass. Dept. of Public Health when he signed his affidavit but he once worked as a social worker for the Mass. Department of Social Services, and in his affidavit he stated that the abuse by the mother was so severe that defendant's daughter should be removed from the mother's home. (Affidavits accompany this motion as Exhibit A)

Defendant is further prepared to show that all his family members in their affidavits not only aver that defendant was a kind, caring, loving father to his daughter but that he was a kind, caring and helpful uncle to his nineteen nieces and nephews.

Defendant is further prepared to show that the ex-wife's first child (by another man) was born a beautiful and healthy nine-plus pounds but, due to her mother's negligence, she was dead before she reached her seven-month birthday.

Defendant is further prepared to present into evidence legally-obtained audiotapes of the mother where she can actually clearly be heard emotionally bashing the child repeatedly on a number of different occasions, and repeatedly swearing and screaming at the child (this was when the child was 2-3 years old).

Defendant is further prepared to present into evidence a daily log of the abuse of the child which he kept from 1997 (when the child was a year old) to 2001 (when defendant sent the threatening letter to Sullivan) in which he describes the physical and sexual abuse of the child and her emotional brutalization by the mother and the stepfather.

Defendant is further prepared to show through expert testimony that the mother was described in a psychologist's report as having (1) an untreated personality disorder; (2) a untreated drug-dependent personality that needed to be monitored; and (3) a dysfunctional coping mechanism whereby she repeatedly refused to take responsibility

abuse were repeatedly deceived by the abusers, who tortured little Haleigh all the way up to the day when she was hit so hard that her brain stem was sheared and she went into a coma. (copies of news reports detailing some of Haleigh Poutre's long history of abuse and torture accompany this motion as Exhibit B)

Defendant is further prepared to show other aspects of the abuse and trauma of his child by the mother and stepfather.

Of course, if the position of the law is that when the police, the child protective authorities and the courts repeatedly fail, over a period of four years, to protect a little girl from physical and sexual abuse and emotional brutalization, then the non-abusive parent is supposed to quash all his protective instincts toward his child and instead is required by the law to keep going to those authorities which have repeatedly failed the child (and provably so) and to request from those same authorities the child protection which has never been forthcoming, and especially as here (as the defendant is prepared to show) where the Essex County Probate and Family Court made things not better for the child, but far, far worse, the defendant believes such a public policy is unacceptable to all good men and women and to all good judges, so that the court is compelled by all good measures of parental responsibility to create a defense that allows the non-abusive parent, such as the defendant, to protect the child himself as best he can, preferably without the use of force (and it's important to recognize that defendant in this case repeatedly refrained from using force to try to protect his daughter).

Defendant will not attempt in this motion to set the parameters of a defense which the law would consider appropriate under the circumstances, but defendant would suggest that the court put himself in defendant's shoes and ask what a good judge would do under the circumstances, where the judge's own little girl was being traumatized, and instead of stopping the abuse and trauma of the child, a Probate and Family Court made things hugely worse for the child, tore out of the child's life her nineteen nieces and nephews, all her aunts and uncles, her paternal grandparents, and left the little girl in the hands of two twisted perverts.

Defendant understands that Judge Lasker served in the Army during World War II. Defendant's own father served in World War II, in the Marines. Defendant thanks Judge Lasker for his service. Defendant doesn't believe that his father, Judge Lasker, and so many other good men and women fought so hard for this country, and sacrificed so much, and saw so many others sacrifice so much, so that people who physically and sexually abuse children, and emotionally traumatize them, should be given free rein to engage in their perversities unimpeded. If that's what this country stands for, defendant stands unalterably against it, and if the court wants to attribute defendant's stand to mental illness, defendant would suggest that AUSA George Toscas, U.S. Attorney Mike Sullivan and FBI Special Agent Geoff Kelly are the ones suffering from mental illness, since they all couldn't care less about defendant's little girl and they robotically and stupidly enforce laws which will have the result not of finally bringing relief to defendant's daughter, but of assuring that the little girl's suffering and privations will continue unhindered.

If the court refuses to create a new defense to accommodate the circumstances in this case, prudence dictates that defendant plead guilty, but if that's the case defendant would

4

ask the court to make it a condition of his release, whenever that might be, that he be allowed to engage in the political process unimpeded by his terms of probation in order that he might try to change the laws which allow little girls, and little boys, to be brutalized and traumatized while fine, upstanding citizens like U.S. Attorney Mike Sullivan and FBI Agent Geoff Kelly spend more of their time hunting for some stolen paintings (from the Gardner Museum) than they spend protecting defendant's daughter and other little American boys and girls from people who, with impunity, rip their lives to pieces.

Date: September 11, 2006                              Respectfully submitted,

                                                      _____
                                                      James T. Richards, pro se

**CERTIFICATE OF SERVICE** -- I, James T. Richards, hereby certify that I sent a true copy of the above motion and exhibits to: AUSA George Toscas, U.S. Justice Dept., Counterterrorism Section, 950 Pennsylvania Ave. N.W., Washington, D.C. 20530-0001, via first-class mail, postage prepaid, on September 11, 2006 and to George Gormley, P.C., 755 E. Broadway, So. Boston, MA 02127.

                                                      _____
                                                      James T. Richards

Exhibits to be sent on 9/12/06   JR

5