EXHIBIT A

*This is a copy of a fax from my brother Paul, who used to work with Karen.*

Paul M. Richards
887 Fairchild Ave.
Kent, OH 44240

1-330-676-0828

Ms. Thelma King
Department of Human Services
Tulsa, OK

Dear Ms. King:

The purpose of this letter is to provide an observation of Karen Richards personality. The observations will shed light on the critical decision that must be made on the placement of Shaina into an environment that is safe and nurturing.

I have known Karen for over five years. She is an intelligent and talented person, delicate and possessing a deep religious faith. She has a tremendous difficulty dealing with authority. I noted this especially during the time that we commuted to work after I was able to assist her in finding a secretary's position. Each day the tasks given to her by her boss would drive her into a frenzy. Her complaints on simple assignments alienated her further from her boss, and her paranoia increased. Each time I suggested possible resolution to her stress she would relax somewhat. During this time, the information provided by her would indicate that her boss was not a nice guy to work for, though from other sources I heard that he was quite reasonable. Despite the opportunities to work in different departments, she limited her options.

I would like to share a situation that endangered both Karen and Shaina. Once I asked Karen for a ride to the airport. She arrived at my home quite distressed and asked if she could feed Shaina. I was packing, so I said sure. After a short time, I came into the kitchen and was alarmed to smell gas. She had turned on the stove and not lit the pilot light. Her self induced stress was so high that she was completely oblivious to her environment and the danger.

In summary, Karen isn't able to cope with stress at any level. The every day challenges of raising a child are beyond her ability to manage.

Sincerely,

Paul M. Richards

*Karen did something similar when we were living in Mattapan. Turned on gas, was distracted about something, forgot to light it. A few minutes later, she did light it and it blew up.*



*Note: I've known Mike since I was 14 yrs. old. We were classmates in high school.*

**COMMONWEALTH OF MASSACHUSETTS**
**PLYMOUTH DISTRICT**

**OFFICE OF THE DISTRICT ATTORNEY**
MAIN OFFICE:
32 BELMONT STREET
P. O. BOX 1665, BROCKTON, MA 02303-1665
TEL. (508) 584-8120
FAX: (508) 586-3578

**MICHAEL J. SULLIVAN**
DISTRICT ATTORNEY

June 15, 2000

Mr. James T. Richards
4 Martindale Road
Randolph, MA 02368

Dear Mr. Richards:

    I am in receipt of your informational package along with your letter dated April 25, 2000. I have had an opportunity to review all the material. I am disturbed by the allegations outlined in your various letters. I understand your frustration but I do not know what if any steps I am able to take to assist you or steps you wish me to pursue.

    As mentioned in your letter, I do know the Commissioner of the Department of Social Services, Mr. Jeffrey Locke. I would be happy to call Mr. Locke and advise him of your allegations and ask him to review your case. Please let me know if you wish me to contact Commissioner Locke.

    It is very obvious from your letters that you are a very involved and terrific father. Your involvement is critically important in the well being of your daughter. As frustrating as it is, don't ever give up hope.

    It was nice hearing from you but I wish it were under better circumstances. Please give my regards to your mother and father.

Sincerely,

MICHAEL J. SULLIVAN
DISTRICT ATTORNEY

COMMONWEALTH OF MASSACHUSETTS

ESSEX Division                                    PROBATE AND FAMILY COURT
                                                  DOCKET NO. 00D1230-FA1

JAMES T. RICHARDS            )
    Plaintiff                )   **AFFIDAVIT OF ANTHONY ANTONELLIS**
vs.                          )
KAREN L. RICHARDS            )
    Defendant                )

I, Anthony Antonellis, do hereby state and declare:

   (1) that James T. Richards is my brother-in-law and I have known him for eight years;
   (2) that I have known Jim's ex-wife, Karen L. Richards, for eight years, and that I have known Jim's daughter, Shaina Richards, since she was born;
   (3) that Shaina Richards is my niece, and that while Jim had regular visitation he would frequently bring Shaina to see me, my wife, our children and Shaina's other aunts, uncles and cousins, and Shaina's grandparents;
   (2) that I am the father of two children, ages four and one, and the stepfather of two children, ages fourteen and sixteen.
   (3) that I am a social worker for the Commonwealth of Massachusetts, Dept. of Public Health, and I have been working as a social worker for the last ten years;
   (4) that as the father of two children and stepfather of another two children, I come into contact with numerous other children in the course of my activities as a parent;
   (5) that I have seen my brother-in-law, James T. Richards, in the company of his daughter Shaina on numerous occasions and that his behavior towards her has been indicative of a loving parent and nothing of any form to the contrary;
   (6) that I have seen my brother-in-law, James T. Richards, in the company of my own children and stepchildren, and that his behavior towards them has been gentle and responsible;
   (7) that I have observed Shaina Richards on a number of occasions, both before she moved to Oklahoma and after she returned, and it appears that she is often troubled and has irrational anger. I have also noted that when in the presence of other children, she is aloof from her peers and has an abrasive personality towards them.
   (9) that I also must indicate that Karen Richards has a emotional disability which she is skillful at hiding. I have on numerous occasions heard and seen her behave in a callous and bizarre manner toward Jim, Shaina, and others in the family. She is a person who chooses to play the role of victim and makes others in her own mind out to be evil. This she applies to others in general, not least of whom is her former husband Jim.

(10) that being a social worker, my primary concern is for Shaina. During the 1990's, I understand that Jim had several hospitalizations while he was on lithium. Apparently the lithium was no longer working as it once did. Since 1997, when Jim started on a new medication, I understand that he has had no hospitalizations and that he has been working at least part-time ever since getting on the new medication. Under the circumstances, I would recommend a court-appointed foster-care situation with reasonable visitation as soon as possible.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS _____ DAY OF  9/4/    , 2000.

*Anthony Antonellis*
Anthony Antonellis
214 No. Franklin St.
Holbrook, MA 02343
781-767-0067

COMMONWEALTH OF MASSACHUSETTS

ESSEX Division

PROBATE AND FAMILY COURT
DOCKET NO. 00D1230-FA1

JAMES T. RICHARDS )
    Plaintiff )  **AFFIDAVIT OF ANN M. ANTONELLIS**
vs. )
KAREN L. RICHARDS )
    Defendant )

I, Ann M. Antonellis, do hereby state and declare:

(1) that James T. Richards is my brother and I have known him my entire life;

(2) that I have known Jim's ex-wife, Karen L. Richards, for ten years, and that I have known Jim's daughter, Shaina Richards, since she was born;

(3) that Shaina Richards is my niece, and that while Jim had regular visitation he would frequently bring Shaina to see me, my husband, our children, Shaina's grandparents, and Shaina's other aunts, uncles and cousins.

(4) that I am the mother of four children, ages 16, 14, 4 and 1.

(5) that I am a registered nurse, and have been working as a registered nurse for the last eighteen years;

(6) that as the mother of four children, I am thoroughly involved with their school, church, sports and social activities and I come into contact with numerous other children in the course of my activities as a parent;

(7) that I have seen my brother, James T. Richards, in the company of his daughter Shaina on numerous occasions and that his behavior towards her has been loving and kind. He is a devoted father. I could not imagine and never have seen him be mean at all to Shaina.

(8) that I have seen my brother, James T. Richards, in the company of my own sons, Kevin, Paul and Tony, and in the company of my daughter Mary Claire, and that his behavior towards them is always attentive and supportive of their needs. He has appropriate interactions with my children and goes out of his way to be kind.

(9) that during the time I have known Karen Richards, I have noticed that she likes to make an issue in almost every circumstance, and to be as inflexible as possible, and to blame other people's imperfections as the source of her own deep-seated unhappiness. She's a very unhappy person to be around and I feel badly that Shaina is spending more time with her and less with my brother, whose interactions are so much more positive.

(10) that as Shaina spends more time with Karen, she is becoming more and more unpleasant to be with, although after she's with my brother Jim for a while, she definitely lightens up. It seems that Karen might be saying bad things about our family to Shaina,

because sometimes Shaina seems suspicious of us when she first comes to the house, but as the day goes on her fears disappear.

(11) that I think it is grossly unfair that Jim has been given only supervised visitation, and that Shaina has been denied the opportunity to spend time with the family who loves her.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS _fourth_ DAY OF _September_, 2000.

*Ann M. Antonelli*
Ann M. Antonellis
214 No. Franklin St.
Holbrook, MA 02343
781-767-0067

COMMONWEALTH OF MASSACHUSETTS

ESSEX Division

PROBATE AND FAMILY COURT
DOCKET NO. 00D1230-FA1

JAMES T. RICHARDS )
   Plaintiff )  **AFFIDAVIT OF CHRISTINE M. RICHARDS**
vs. )
KAREN L. RICHARDS )
   Defendant )

I, Christine M. Richards, do hereby state and declare:

(1) that James T. Richards is my brother-in-law and I have known him for nineteen years;

(2) that I have known Jim's ex-wife, Karen L. Richards, for ten years, and that I have known Jim's daughter, Shaina Richards, since she was born;

(3) that I am the godmother of Shaina Richards;

(4) that Shaina Richards is my niece, and that while Jim had regular visitation he would frequently bring Shaina to see me, my husband, our children, Shaina's grandparents, her other aunts and uncles, and Shaina's other cousins;

(5) that I am the mother of three children: Matthew, age twelve, Lindsey, age eight, and Stephen, age six;

(6) that I am currently a stay-at-home mother;

(7) that as the mother of three school-age children, I am thoroughly involved with the school, church, sports and social activities of my children, and I come into contact with a large number of other children during these activities;

(8) that I have seen my brother-in-law, James T. Richards, in the company of his daughter Shaina on numerous occasions and that his behavior towards her has been patient and loving;

(9) that I have seen my brother-in-law, James T. Richards, in the company of my own children and in the company of his many other nieces and nephews, and that his behavior towards them has been caring and fun-loving;

(10) that I have observed Shaina Richards on a number of occasions, both before she left Massachusetts for Oklahoma and after she returned, and it appears that she is being adversely affected by her mother, as I have recently observed her stating that she is afraid of her mother, that her mother is mean to her, and that she has cried at times when she was to return to her mother;

(11) that during the time I have known Karen Richards, I have noticed that she never showed patience with Shaina when Shaina was a newborn, frequently snapped at my children for unreasonable issues, seems to experience noticeable mood swings, and appears to have a very unstable personality;

(12) that I miss seeing Shaina at many family functions, as Karen does not bring Shaina to such affairs.

(13) that I think it is grossly unfair that Jim has been given only supervised visitation, and that Shaina has been denied the opportunity to spend time with a family who loves her.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS __4TH__ DAY OF __SEPTEMBER__, 2000.

*Christine M. Richards*
Christine M. Richards
11 Kings Way
Medway, MA 02053
508-533-6151

COMMONWEALTH OF MASSACHUSETTS

ESSEX Division

PROBATE AND FAMILY COURT
DOCKET NO. 00D1230-FA1

JAMES T. RICHARDS )
    Plaintiff )   **AFFIDAVIT OF GERARD W. RICHARDS**
vs. )
KAREN L. RICHARDS )
    Defendant )

I, Gerard W. Richards, do hereby state and declare:

    (1) that James T. Richards is my brother and I have known him my entire life;
    (2) that I have known Jim's ex-wife, Karen L. Richards, for ten years, and that I have known Jim's daughter, Shaina Richards, since she was born;
    (3) that Shaina Richards is my niece, and that while Jim had regular visitation he would frequently bring Shaina to see me, my wife, our children and all the other members of our family;
    (4) that I am the father of three children: Matthew, age twelve, Lindsey, age eight, and Stephen, age six.
    (5) that I have been a Certified Public Accountant (CPA) for seventeen years and that I am currently working as the Operations Manager for Wayne J. Griffin Electric, Inc. of Holliston, MA, and that in that capacity I am in charge of and supervise twelve employees, both men and women, and that I am an executive-level official responsible for a business which has $75 million in in annual gross revenues;
    (6) that as the father of three children of school age, I am involved with their school, church, sports and social activities and I come into contact with numerous other children in the course of my activities as a parent;
    (7) that I have seen my brother, James T. Richards, in the company of his daughter Shaina on numerous occasions and that his behavior towards her has been attentive, with much loving care and kindness;
    (8) that I have seen my brother ~~in-law~~, James T. Richards, in the company of my own children and in the company of our many nieces and nephews, and that his behavior towards them has been sociable and happy.
    (9) that I have observed Shaina Richards on a number of occasions, both before she left Massachusetts for Oklahoma and after she returned, and it appears that she does not experience enough positive interaction with children and others as she becomes extremely distressed whenever she is required to leave play sessions with our children to return home to her mother.

(10) that during the time I have known Karen Richards, I have noticed that she is very self-centered, has difficulty getting along with people, has yelled at my own children for unreasonable issues, and generally seems to have emotional problems.

(11) that I miss seeing Shaina, as Karen Richards does not bring Shaina to see me, my wife or our children, nor does she bring Shaina to see Shaina's grandparents or any of Shaina's other aunts or uncles, or any of Shaina's other cousins.

(12) that I think it is grossly unfair that Jim has been given only supervised visitation, and that Shaina has been denied the opportunity to spend time with a large family group who loves her and who can provide healthy social interaction and experiences.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS __4TH__ DAY OF __SEPTEMBER__, 2000.

*Gerard W. Richards*
Gerard W. Richards
11 Kings Way
Medway, MA 02053
508-533-6151

COMMONWEALTH OF MASSACHUSETTS

ESSEX Division

PROBATE AND FAMILY COURT
DOCKET NO. 00D1230-FA1

JAMES T. RICHARDS )
   Plaintiff )  **AFFIDAVIT OF CLAIRE P. STEVENS**
vs. )
KAREN L. RICHARDS )
   Defendant )

I, Claire P. Stevens, do hereby state and declare:

   (1) that James T. Richards is my brother and I have known him my entire life;

   (2) that I have known Jim's ex-wife, Karen L. Richards, for ten years, and that I have known Jim's daughter, Shaina Richards, since she was born;

   (3) that Shaina Richards is my niece, and that while Jim had regular visitation he would frequently bring Shaina to see me, my parents, and Shaina's aunts, uncles and cousins;

   (4) that I am the mother of one child, Eric, age 13;

   (5) that I am currently working as at teacher's aide in Foxboro, MA, and that I have been working as a teacher's aide for the last two years;

   (6) that as a teacher's aide, I come into contact with a large number of children, ages five through sixteen, and I am currently working one-on-one in a third-grade classroom of children ages seven to nine;

   (7) that prior to working as a teacher's aide, I worked as a medical laboratory technologist for twenty-one years, where one of my major responsibilities was working on the pediatric floor and with pediatric outpatients; I was chosen for this job from among the other lab technologists because I was good with the children, and because of the positive way the children related to me;

   (8) that as a mother of a thirteen-year-old child, I am involved with his school, church, sports and social activities and I come into contact with numerous other children in the course of my activities as a parent;

   (9) that I have seen my brother, James T. Richards, in the company of his daughter Shaina on numerous occasions and that his behavior towards her has been patient, caring, tolerant, loving, sensitive to and understanding of her capabilities and the needs of her age, firm when necessary, especially when it is time for her to go back to Haverhill;

   (10) that I have seen my brother, James T. Richards, in the company of my own son Eric and in the company of Jim's other 17 nieces and nephews, whose ages range from seven months to 22 years, and that his behavior towards them has been kind, interested in what is going on in their lives, and always willing to teach them something new (e.g., Internet, Latin).

(11) that I have observed Shaina Richards on a number of occasions, both before she moved to Oklahoma and after she returned, and after she returned she was eager and enthusiastic to be with the family she hadn't seen for two and one half years and she seemed content; after a few months, though, she started being tentative when she first saw us, although as the day went by she lost her reservations and became the loving, enthusiastic child that she was when she first saw us after her return; there were also times when she looked very sad, and this seemed to increase over the last few months that I saw her;

(12) that I also noticed that Shaina would often react to simple requests with a look of distress, especially when the request came from a woman in the family; she looked as though she had been insulted or that we were trying to intimidate her with such simple requests as asking her to put her dish in the sink, or putting her Teddy Bear back in the room; she would also appear very frustrated at times, even over the littlest things, and very moody; and while she was good at sharing things when I first saw her, more and more she refused to share things and she insisted on her own way, even when she was playing with someone else's toys;

(13) that during the time I have known Karen Richards, I noticed that she developed an intense animosity toward me, for who knows what reason; in high school, I was voted "most friendly" in the senior class, and I almost never have any problem getting along with other people; Karen was a rare exception; I couldn't even say hello to her without it raising some kind of issue with her for reasons that were totally beyond my understanding; in my opinion, she exhibited the behavior of a spoiled three-year-old child; she seemed like she always wanted to be the center of attention, and she left almost every family gathering because she was irritated or angry about something; if Jim was talking to someone else other than her, she'd get upset about that; if somebody started passing food around the table and they didn't pass it in her direction first, she'd get upset about that; she was often very sulky, but she also seemed helpless; she was ever ready to be insulted, and intolerant of any violation of rules that nobody knew but her.

(14) that I miss seeing Shaina, and it makes no sense that Jim has been given only supervised visitation, as I have never seen Jim exhibit any behavior whatsoever which is detrimental to his daughter, and I don't believe he would ever do anything to hurt her.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS _5th_ DAY OF _September_, 2000.

_Claire P. Stevens_
Claire P. Stevens
20 Angela Dr.
Foxboro, MA 02035
508-543-2334

COMMONWEALTH OF MASSACHUSETTS

ESSEX Division                         PROBATE AND FAMILY COURT
                                                 DOCKET NO. 00D1230-FA1

JAMES T. RICHARDS    )
   Plaintiff                 )    **AFFIDAVIT OF CLAIRE T. RICHARDS**
vs.                             )
KAREN L. RICHARDS    )
   Defendant              )

I, Claire T. Richards, do hereby state and declare:

    (1) that James T. Richards is my second child, the oldest of my five sons, and I have known him for his entire life;

    (2) that I have known Jim's ex-wife, Karen L. Richards, for ten years, and that I have known Jim's daughter, Shaina Richards, since she was born;

    (3) that Shaina Richards is my granddaughter, and that while Jim had regular visitation he would frequently bring Shaina to see me, my husband, and Shaina's aunts, uncles and cousins;

    (4) that I am the mother of seven children (five boys and two girls) and the grandmother of nineteen grandchildren;

    (5) that as a mother I was thoroughly involved with my children's lives and activities, both as a member of the Catholic Church, the Parent-Teacher's Association (PTA), the cub scouts and boy scouts (as a den mother), the girl scouts, little league, pop warner football, etc. and that I am still greatly involved in the lives of my children;

    (6) that as a grandmother I am greatly involved with the lives and activities of my grandchildren, both as a member of the Catholic Church and as an avid fan in their sports and social activities;

    (7) that for twenty years, I worked for the Town of Randolph School Department as a school secretary and finally in the Superintendent's office, where I had daily contact with children, teachers and parents and with issues involving children;

    (8) that for twelve years I was a town meeting member in the town of Randolph;

    (9) that for the last forty-seven years, as a mother of seven children and grandmother of nineteen grandchildren, I have had contact with hundreds of other children in the course of my activities as a mother and grandmother;

    (10) that our family is a close and loving family, and that the family gets together numerous times during the year for events and holidays such as birthdays, beach outings, first communions, confirmations, mother's day, father's day, Thanksgiving, Christmas, Easter, soccer games, baseball games, football games, children's school plays, etc;

    (11) that I have seen my son, James T. Richards, in the company of his daughter Shaina on numerous occasions and that his behavior towards her has been extremely

loving and caring. It seems when she was able to be with him more she was very reluctant to leave him and go back to her mother. It was even more difficult if she had been at a family time where mostly all of her aunts, uncles and cousins were in attendance. She did not want to leave and usually would plead with her Dad to let her stay.

(12) that I have seen my son, James T. Richards, in the company of my own children and in the company of my grandchildren, and that his behavior towards them has been loving, concerned and caring.

(13) that I have observed Shaina Richards on a number of occasions, both before she left Massachusetts for Oklahoma and after she returned, and it appears that she is a good child, but that she is being adversely affected by her mother, who herself has many deep-rooted problems. I have noticed that Karen Richards seems very insecure, that she often takes offense at things when absolutely no offense was intended, and that she believes in any given situation that everyone else is wrong and she is always right. From what she told me, she was not brought up in a loving environment, having a mother whose career she spoiled and a brother who abused her.

(14) that I miss seeing Shaina, and I think it is grossly unfair that Jim has been given only supervised visitation, and that Shaina has been denied the opportunity to spend time with the family who loves her. This hurts us all not being able to see Shaina.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS  5th  DAY OF September, 2000.

*Claire T. Richards*
Claire T. Richards
4 Martindale Rd.
Randolph, MA 02368
781-963-4395

COMMONWEALTH OF MASSACHUSETTS

ESSEX Division

PROBATE AND FAMILY COURT
DOCKET NO. 00D1230-FA1

JAMES T. RICHARDS )
   Plaintiff )  **AFFIDAVIT OF SONIA RICHARDS**
vs. )
KAREN L. RICHARDS )
   Defendant )

I, Sonia Richards, do hereby state and declare:

  (1) that James T. Richards is my brother-in-law and I have known him for 3 1/2 years;

  (2) that I have known Jim's ex-wife, Karen L. Richards, for 3 1/2 years, and that I have known Jim's daughter, Shaina Richards, for 3 1/2 years;

  (3) that Shaina Richards is my niece, and that while Jim had regular visitation he would frequently bring Shaina to see me, my husband, our children and Shaina's other aunts, uncles and cousins, and Shaina's grandparents;

  (4) that I am the mother of one child, Thomas, age 7 months, and the stepmother of Jerod, age 11 years;

  (5) that I work as a construction manager for Turner Construction Company, one of the largest construction companies in Massachusetts, and that I have worked for Turner Construction as a construction manager for the last 18 years;

  (6) that as a construction manager for Turner Construction, I supervise up to eight employees, both men and women, and that in my position I am and have been responsible for numerous large, multimillion-dollar building projects which require coordinating hundreds of people and dozens of subcontractors in order to carry the projects to completion;

  (7) that the Richards family is a close and loving family, and that the family gets together numerous times during the year for events and holidays such as birthdays, mother's day, father's day, beach outings, first communions, confirmations, Thanksgiving, Christmas, Easter, soccer games, baseball games, football games, children's school plays, etc. These get-togethers are a fun and happy time for all. It also allows all the cousins to interact with each other, an interaction they all enjoy;

  (8) that I have seen my brother-in-law, James T. Richards, in the company of his daughter Shaina on numerous occasions and that his behavior towards her has been loving and attentive. They love to play together and he enjoys and loves her immensely;

  (9) that I have seen my brother-in-law, James T. Richards, in the company of my own child Tommy and my stepson Jerod and in the company of Jim's other nieces and nephews, and that his behavior towards them has been kind and caring. He loves to talk and play with my son Tommy and Tommy responds to Jim with smiles and laughs.

  (10) that I have observed Shaina Richards on a number of occasions, and it appears that she sometimes is very suspicious of any adult who asks her to do something (e.g., say please or thank you, share a toy, etc.). She also crys more than most children her age when she does not get her

own way. This behavior is observed more at the beginning of a visit than at the end, when she again realizes how much we all love and care for her;

(11) that I miss seeing Shaina, as Karen Richards does not bring Shaina to see me, my husband or our children, nor does she bring Shaina to see Shaina's grandparents or any of Shaina's other aunts or uncles, or any of Shaina's cousins.

(12) that I think it is grossly unfair that Jim has been given only supervised visitation, and that Shaina has been denied the opportunity to spend time with the family who loves her.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 9th DAY OF September, 2000.

*Sonia Richards*
Sonia Richards
115 River St.
Braintree, MA 02184
781-356-7720

COMMONWEALTH OF MASSACHUSETTS

ESSEX Division

PROBATE AND FAMILY COURT
DOCKET NO. 00D1230-FA1

JAMES T. RICHARDS   )
   Plaintiff   )   **<u>AFFIDAVIT OF JAMES PAUL RICHARDS</u>**
vs.   )
KAREN L. RICHARDS   )
   Defendant   )

I, James P. Richards, do hereby state and declare:

   (1) that James T. Richards is the oldest of my five sons and I have known him my entire life;

   (2) that I have known Jim's ex-wife, Karen L. Richards, for ten years, and that I have known Jim's daughter, Shaina Richards, since she was born;

   (3) that Shaina Richards is my granddaughter, and that while Jim had regular visitation he would frequently bring Shaina to see me, my wife, and Shaina's aunts, uncles and cousins;

   (4) that I am the father of seven children (five boys and two girls) and the grandfather of nineteen grandchildren;

   (5) that as a father, I was greatly involved with my children's lives and activities, both as a member of the Catholic Church, the Parent-Teacher's Association (PTA), little league, cub scouts, etc;

   (6) that for twenty-five years, I worked as an employee for the New England Telephone Company, where I was promoted to staff foreman and union shop steward, and I had a number of people under my supervision;

   (7) that from 1968 until my retirement, I worked in the field of alcoholism treatment, first for the Mass. Division of Alcoholism, then as an administrator for several treatment hospitals, including Mt. Pleasant in Lynn, Spofford Hall in New Hampshire, and Edgehill Newport in Newport, RI;

   (8) that I taught courses in labor-management relations at Boston College, Northeastern University, Stonehill College, and the University of Massachusetts, among others.

   (9) that I was involved in civic activities in my home town, where I was Chairman of the Personnel Board;

   (10) that I am a special police officer for the town of Randolph;

   (11) that for the last forty-seven years, as a father of seven children and grandfather of nineteen grandchildren, I have had contact with hundreds and hundreds of other children in the course of my activities as a father and grandfather;

(12) that our family is a close and loving family, and that the family gets together numerous times during the year for events and holidays such as birthdays, beach outings, first communions, confirmations, mother's day, father's day, Thanksgiving, Christmas, Easter, soccer games, baseball games, football games, children's school plays, etc.;

(13) that I have seen my son, James T. Richards, in the company of his daughter Shaina on numerous occasions and that his behavior towards her has been that of a loving father-daughter relationship that was heartwarming to observe.

(14) that I have seen my son, James T. Richards, in the company of his brothers and sisters and in the company of my grandchildren, and that his behavior towards them has been that of a loving, supportive brother and uncle.

(15) that I have observed Shaina Richards on a number of occasions, both before she left Massachusetts for Oklahoma and after she returned, and it appears that she has is a lovely child who unfortunately has some emotional problems that her cousins don't have, and which are difficult to watch and understand and which seem to have become worse in the past few months.

(16) that during the time I have known Karen Richards, I have heard her talk about the difficult time she had growing up, and how she was abused by her father and brother, and how she had a bad relationship with her mother.

(17) that I miss seeing Shaina, as Karen Richards does not bring Shaina to see me or my wife, nor does she bring Shaina to see any of Shaina's aunts or uncles, or any of Shaina's many cousins.

(18) that I think it is grossly unfair that Jim has been given only supervised visitation, and that Shaina has been denied the opportunity to spend time with a family who loves her.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 5th DAY OF September, 2000.

James P. Richards
4 Martindale Rd.
Randolph, MA 02368
781-963-4395