UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | **CRIMINAL NO. 03-10367-MEL** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **JAMES T. RICHARDS** | ) | |
| | ) | |

**DEFENDANT JAMES T. RICHARDS' SENTENCING MEMORANDUM**

Now comes defendant JAMES T. RICHARDS, through stand-by counsel, and hereby submits this Memorandum in preparation for his sentencing.

**I.  Mr. Richards' Position Regarding his Guideline Sentencing Range, Without Reference to Departures**

As set forth in the Pre-Sentence Report (PSR), the Probation Officer has calculated the Guideline Sentencing Range (GSR) to be 121 to 151 months. In arriving at this GSR, the Probation Officer contends that pursuant to U.S.S.G. § 3D1.4, the combined adjusted offense level (arrived at through a series of calculations involving 6 Groups and their adjusted offense levels, converted into units) attributable to Mr. Richards is 29. In arriving at the individual adjusted offense levels for each group, the Probation Officer has increased the base offense levels (for Groups 1-4) by two (2) for obstruction of justice, and has denied Mr. Richards a three (3) level reduction for acceptance of responsibility. Mr. Richards is given a subtotal criminal history score of 5; two (2) points are added to that score pursuant to U.S.S.G. § 4A1.1(d) because the instant offense was committed while

defendant was under the criminal justice sentence imposed on August 13, 2001 in Norfolk Superior Court. With a total of 7 criminal history points, Mr. Richards is a Criminal History Category IV.

As set forth in his objections to the PSR, it is Mr. Richards' position that he should not be given a two-level increase for obstruction of justice. At the time Mr. Richards submitted the motion in Civil Action #04-12709-WGY, as well as when he filed motions in the instant matter requesting that Judge Lasker recuse himself (July 7, 2004 and July 18, 2005) he was already incarcerated and therefore did not pose any threat whatsoever to any of the Judges named in the motions[1]. Further, as documented at length in paragraphs 158-184 of the PSR, Mr. Richards suffers from bipolar disorder which frequently manifests itself in excessive and inappropriate writing. Mr. Richards' conduct, therefore, was not "willful;" rather, his letter writing was done compulsively and while within the grip of a "significantly reduced mental capacity."

Also as set forth in his objections to the PSR, it is Mr. Richards' position that he should be given a three-level reduction for acceptance of responsibility. Mr. Richards' affidavit of November 21, 2006 (which the Probation Officer characterizes as "an affidavit concerning his [Mr. Richards'] reasons for the instant offense) constitutes defendant's version of the offense. As the Probation Officer has noted, Mr. Richards believes that he had legitimate reasons for committing the instant offense <u>and</u> provided the information in an effort to assist the Probation Office in the preparation of the PSR. The submission of this affidavit (by a defendant whose mental health section of the PSR

---

[1] Not only was Mr. Richards incarcerated at the time of these writings, but the recipients knew that he was incarcerated. Judge Lasker obviously knew because he is presiding over this case – but the other recipients were immediately aware based on the return address and the notation on the envelope alerting them to the fact that it was mailed from a Massachusetts correctional facility.

spans **twenty-seven** paragraphs) does not in any way undermine the fact that Mr. Richards has accepted responsibility for his actions by pleading guilty[2].

Further, as Mr. Richards believes that the two level enhancement for obstruction of justice is inappropriately applied, Application Note #4 to § 3E1.1[3] does not preclude Mr. Richards from receiving a three (3) level reduction for acceptance of responsibility.

Finally, Mr. Richards notes that Application Note #5 accurately reflects the fact that the "sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility." Mr. Richards should therefore be granted a three level reduction for acceptance of responsibility.

---

[2] This is not a case where defendant is willfully trying to minimize his criminal conduct after pleading guilty; rather, Mr. Richards has maintained throughout this prosecution that he did commit the crimes charged, but that he did so because of the abuse he believed his daughter was suffering. This is particularly significant given Mr. Richards' lengthy history of mental illness.

[3] Defendant notes that even if the Court finds that the § 3C1.1 obstruction of justice enhancement applies, Application Note #4 to § 3E1.1 states that an obstruction enhancement ordinarily indicates that defendant has not accepted responsibility. Note #4 goes on to state that "there may, however, be extraordinary cases in which adjustments under both §§ 3C1.1 and 3E1.1 may apply." In this case, even if the Court finds that Mr. Richards obstructed justice by writing additional letters from jail, he should still be granted a reduction for acceptance of responsibility given the circumstances surrounding the writing of the letters (i.e. Mr. Richards' bipolar disorder and its manifestation in excessive writing).

It is therefore Mr. Richards' position that his total offense level should be 24[4], not 29. With a total offense level of 24 and a Criminal History Category IV[5], Mr. Richards' GSR should be 77 to 96 months.

---

[4] Mr. Richards carefully set forth his calculations of each Group's adjusted offense level in his Objections to the PSR. Given the fact that the Probation Officer agreed with Mr. Richards' position that a 3 level and a 6 level increase pursuant to § 3A1.2 is inappropriate (the Probation Officer correctly found that only the 6 level increase is appropriate), Mr. Richards has revised his calculations as follows:

Determining the Combined Offense Level U.S.S.G. § 3D1.4

|  |  | **LEVEL** | **UNITS** |
|---|---|---|---|
| ¶ 84 | Group 1 Adjusted Offense Level | 24 | 1 |
| ¶ 85 | Group 2 Adjusted Offense Level | 18 | ½ |
| ¶ 86 | Group 3 Adjusted Offense Level | 18 | ½ |
| ¶ 87 | Group 4 Adjusted Offense Level | 14 | 0 |
| ¶ 88 | Group 5 Adjusted Offense Level | 12 | 0 |
| ¶ 89 | Group 6 Adjusted Offense Level | 18 | ½ |
| ¶ 90 | Total Number of Units: | 2 ½ | |
| ¶ 91 | Greatest of the Adjusted Offense Levels Above: 24 | | |
| ¶ 92 | Increase in the Offense Level per § 3D1.4: | +3 | |
| ¶ 93 | Combined Adjusted Offense Level: | 27 | |
| ¶ 94 | Adjustment for Acceptance of Responsibility: -3 | | |
| ¶ 95 | It is the defendant's position that his total offense level should be 24. | | |

[5] It is Mr. Richards' position – set forth more fully below – that he should be given a downward departure because his Criminal History Category overstates the seriousness of his criminal record. As section I deals only with the Guideline Sentencing Range without reference to departures, Mr. Richards has presented his calculation based on the Probation Officer's statement that the Criminal History Category is IV.

**II.    Mr. Richards Should be Given a Downward Departure Pursuant to U.S.S.G. § 5K2.0 and U.S.S.G. § 5H1.3 Based on Mental and Emotional Conditions, as well as Because his Criminal History Category Substantially Over-Represents the Seriousness of his Criminal History**

Mr. Richards suggests that a downward departure is warranted based on his mental and emotional condition at the time he committed the crimes charged in the indictment. Pursuant to U.S.S.G. § 5H1.3, "mental and emotional conditions are not ordinarily relevant in determining whether a departure is warranted, except as provided in Chapter Five, Park K, Subpart 2 (Other Grounds for Departure)." Guideline 5K2.0(a)(4) (Grounds for Departure) states that an offender characteristic or other circumstance identified in Chapter Five, Part H (such as mental and emotional conditions pursuant to § 5H1.3) "as not ordinarily relevant in determining whether a departure is warranted may be relevant to this determination only if such offender characteristic or other circumstance is present to an exceptional degree."

It is Mr. Richards' position that the "offender characteristic" contemplated by U.S.S.G. § 5H1.3 (mental and emotional condition) certainly is present in this case to an exceptional degree. The "Mental and Emotional Health" section of Mr. Richards' PSR spans twenty-seven paragraphs (¶¶ 158-184). As set forth in the PSR, Mr. Richards was diagnosed with bipolar disorder in 1981 (¶ 159). Between 1981 and 2002, it appears that Mr. Richards has been hospitalized approximately 17 times. During manic episodes, Mr. Richards has reportedly become preoccupied with saving starving children in Somalia (¶ 160); considered himself "God" (¶ 160); believed that the television was sending him messages (¶ 165); worried excessively about his daughter (¶ 169 and, of course, the basis of many of the letters written in this case); had thoughts concerning secret messages in

magazines (¶ 172); and believed that he was Lucifer, Santa Claus, and God (¶ 172). This list is representative, not exhaustive.

During the pendency of the present matter, Mr. Richards has been evaluated by five (5) different psychiatrists. Dr. William J. Ryan, appointed by the Court to perform a competency evaluation, noted that even when apparently fully medicated, Mr. Richards persistently displayed disordered thinking related to coincidences and self-defeating approaches to reuniting with his daughter (¶ 176). On June 5, 2006, Dr. Alison Fife wrote a letter noting that Mr. Richards "became acutely psychotic and delusional" which led to his commission of the instant offense (¶ 177). Dr. Fife went on to note that absent his mental illness, Mr. Richards would not have committed the instant offense (¶ 177).

Finally, on August 26, 2006 Dr. George L. Hardman completed a psychiatric evaluation of Mr. Richards to assess his criminal responsibility (¶ 178). Dr. Hardman opined that the defendant was in a state of manic psychosis at the time of the instant offense; as such, his thinking and judgment were impaired (¶ 178). Significantly, Dr. Hardman does not see the defendant as posing a danger to others (¶ 178).

Mr. Richards therefore respectfully submits that a departure based on mental and emotional condition is warranted in this case.

Additionally, it is Mr. Richards' position that a "departure" should be given to give him credit for the time he served in state custody for violating his Norfolk Superior Court conditions of probation (January 22, 2002 through October 24, 2003) as the conduct that resulted in that violation is the same conduct for which Mr. Richards will be sentenced by this Court. Absent this probation violation and subsequent state incarceration, Mr. Richards would have been detained on the instant

federal matter and would receive credit toward any sentence of imprisonment imposed by this Court. Therefore, Mr. Richards respectfully suggests that a departure should be granted to effectively "credit" him for this time served.

Finally, it is Mr. Richards' position that the criminal history category in this case substantially over-represents the seriousness of his criminal history or the likelihood that the defendant will commit other crimes. As such, it produces a sentence that is greater than necessary to achieve deterrence. See U.S.S.G. § 4A1.3(b)(1); 18 U.S.C. § 3553(a)(2)(B). In arriving at the criminal history computation, Mr. Richards is given one (1) point for a continuance without a finding (CWOF) in the Attleboro District Court (¶ 114). The court allowed Mr. Richards' June 7, 2005 Motion to Correct Docket and to Set Aside Erroneous Finding of Guilt in Dkt. No. 9634-CR-4052 (Commonwealth v. Richards - Attleboro District Court); the allowance of this motion means that Mr. Richards was not found guilty of the probation violation in that case and the case was dismissed. It is therefore Mr. Richards' position that he should not be given one (1) point pursuant to 4A1.2(k) or 4A1.1(c). The Probation Officer disagrees with Mr. Richards' position and notes that continuances without a finding in Massachusetts state courts are countable diversionary dispositions as long as the defendant admitted sufficient facts after a colloquy pursuant to GL c. 278 § 29D (Duquette waiver) has been given.

If the Court agrees with the Probation Officer that Mr. Richards should be given one (1) point for this disposition, it should then depart downward from a Criminal History Category IV to a Criminal History Category III based on the fact that Mr. Richards' criminal history category substantially over-represents the seriousness of his criminal history and of the likelihood that he will commit a crime in the future. As noted in detail in this Sentencing Memorandum, Mr. Richards

suffers from bipolar disorder – this mental illness contributed to the commission of the instant offense, as well as to prior offenses. Mr. Richards respectfully suggests, therefore, that a 1 level downward departure should be granted to him – thereby making him a CHC III, not IV. With a TOL of 24 and a CHC of III, the GSR is 63-78 months[6].

### III.  Mr. Richards' Sentence After Consideration of the Factors Set Forth in 18 U.S.C. § 3553(a)

In recognition of the fact that the United States Sentencing Guidelines were rendered "advisory" by the Supreme Court's decision in United States v. Booker / United States v. Fanfan, 125 S.Ct. 738 (2005), defendant submits that a sentence lower than the Guideline Sentencing Range (GSR) is appropriate when considering the factors the Court is directed to consider in imposing a sentence pursuant to 18 U.S.C. § 3553(a). Defendant therefore submits that a sentence of time served is appropriate.

Section 3553(a)(1) requires the Court to consider the nature and circumstances of the offense and the history and characteristics of the defendant when imposing a sentence. It is worthwhile to note that "when put side by side, the Guideline provisions and statutory provisions under section 3553(a) often contradict one another." United States v. Myers, 2005 U.S. Dist. LEXIS 1342 (S. D. Iowa Jan. 26, 2005) (citing United States v. Ranum, 2005 U.S. Dist. LEXIS 1338 (E.D. Wis. Jan 14. 2005)). For example, under the Guidelines, courts are generally prohibited from considering the defendant's age (§ 5H1.1), education and vocational skills (§ 5H1.2), socio-economic status (§

---

[6] Mr. Richards would respectfully submit that any downward departure he is given pursuant to § 5K2.0 and U.S.S.G. § 5H1.3 (based on Mental and Emotional Conditions) should be deducted from the range of 63-78 months arrived at after his criminal history category is reduced from IV to III.

5H1.10), or lack of guidance as a youth (§ 5H1.12).  Section 3553(a)(1), however, requires a Court to consider these factors, as they compose the "history and characteristics" of a particular defendant and are necessary components to an individualized sentence.  As explained more fully below, a sentence of time served[7] is therefore appropriate and adequate.

Section 3553(a)(1) requires the Court to consider the history and characteristics of the defendant.  As set forth in detail above, as well as in the PSR, Mr. Richards has suffered from bipolar disorder for approximately 25 years[8].   In light of the fact that Dr. Alison Fife has opined that Mr. Richards would not have committed the instant offense absent his mental illness (¶ 177), as well as the fact that Dr. George Hardman has stated that he does not believe Mr. Richards is a danger to others (¶ 178), a sentence of time served is adequate given Mr. Richards' history and characteristics (in conjunction with the other factors, discussed below).

The nature and circumstances of the offense also warrant a sentence that is lower than the advisory GSR.  As noted above, Mr. Richards was incarcerated at the time that he submitted the motion in Civil Action #04-12709-WGY, as well as when he filed motions in the instant matter requesting that Judge Lasker recuse himself (July 7, 2004 and July 18, 2005)[9].  The recipients of all of Mr. Richards' motions and letters (after the first letter of November 26, 2001 to U.S. Attorney

---

[7] Mr. Richards understands that it may take a short period of time for the Probation Office to make the necessary arrangements for the terms of his supervision (i.e. mental health treatment and other arrangements).  He therefore would be amenable to a sentence that would require him to serve additional time (i.e. in addition to the time he has already served)  in an amount sufficient to allow the Probation Office to prepare for his supervision.

[8] More accurately, Mr. Richards was <u>diagnosed</u> with bipolar disorder approximately 25 years ago – there is obviously no way to know how long he has actually suffered from it.

[9] Mr. Richards was actually incarcerated at the time that he committed the offenses listed in Counts 1s through 5s.

Michael Sullivan) knew that Mr. Richards was incarcerated – and that he therefore did not pose a threat. Given that fact, as well as the fact that Mr. Richards suffers from bipolar disorder which frequently manifests itself in excessive and inappropriate writing, a sentence of time served is appropriate.

Section 3553(a)(2) requires the Court to consider the need for the sentence imposed to take into consideration four (4) specific factors. These four (4) factors are as follows: (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. As addressed more fully below, a sentence of time served would adequately take these four factors into consideration.

Section 3553(a)(2)(A) requires the Court to impose a sentence that reflects the seriousness of the offense, promotes respect for the law, and provides just punishment for the offense. It is Mr. Richards' position that a sentence of time served does reflect the seriousness of the offense and provides just punishment. As noted throughout the PSR, Mr. Richards' objections to the PSR, and this Sentencing Memorandum, Mr. Richards suffers from bipolar disorder. More significantly, Dr. Alison Fife has expressed the opinion that absent his mental illness, Mr. Richards would not have committed the instant offense (¶ 177). Under the circumstances of this case, a sentence of time served would be adequate.

Section 3553(a)(2)(B) requires the Court to impose a sentence that affords adequate deterrence to criminal conduct. While a sentence of time served is shorter than the GSR of 121 to

151 months suggested by the Probation Officer (as well as being shorter than the 63 to 78 months Mr. Richards contends is the correct GSR), it still affords adequate deterrence to criminal conduct for Mr. Richards. Mr. Richards has already been incarcerated since January 19, 2002 (almost 5 years). A further sentence of imprisonment is not necessary to ensure that Mr. Richards will not engage in criminal conduct in the future[10].

Section 3553(a)(2)(C) requires the Court to impose a sentence that protects the public from further crimes of the defendant. Dr. George Hardman noted, after evaluating Mr. Richards on August 26, 2006, that he does not see Mr. Richards as posing a danger to others (¶ 178). Additionally, Mr. Richards' criminal history can all be traced to his mental illness and the reality is that his current offense caused significantly more harm to himself than to the public. The concern that the public needs to be protected from potential further crimes of the defendant is minimal or non-existent in this situation.

Finally, § 3553(a)(2)(D) requires the Court to impose a sentence that provides the defendant with educational or vocational training, or medical care, as needed. Mr. Richards clearly is not in need of any further educational or vocational training. Rather, it is Mr. Richards' position that his mental, emotional, and medical needs would be much better served outside of jail than by any possible treatment programs available in prison. Given the fact that Mr. Richards has already served almost five (5) years in jail, a sentence of time served is appropriate.

---

[10] Of equal significance is the fact that an additional period of incarceration is certainly not going to cure the underlying problem – Mr. Richards' mental illness – which prompted him to commit the instant offense.

Given the facts stated above, as well as the presence of a mandatory post-incarceration term of supervised release[11], defendant suggests that a sentence of time served is appropriate.

        Respectfully submitted,
**JAMES T. RICHARDS,**
By his stand by counsel,

/s Christie M. Charles

George F. Gormley (204140)
Christie M. Charles (646995)
*George F. Gormley, P.C.*
755 East Broadway
South Boston, MA 02127
(617) 268-2999

**Dated:** January 3, 2007

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on January 3, 2007.

/s Christie M. Charles

Christie M. Charles

---

[11] The terms of Mr. Richards' supervised release will undoubtedly include a requirement that he attend mental health counseling – a term of supervision that will be beneficial to the defendant, who has been responding well to treatment.