AO 245B(05-MA)     (Rev. 06/05) Judgment in a Criminal Case
Sheet 1 - D. Massachusetts - 10/05

# UNITED STATES DISTRICT COURT
District of Massachusetts

| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
| v. | |
| **JAMES T. RICHARDS** | Case Number: **1: 03 CR 10367 - 001 - MEL** |
| | USM Number: 24958-038 |
| | James Richards,Pro Se./George Gormley |
| | Defendant's Attorney |

☑ Additional documents attached

☐

**THE DEFENDANT:**

☐ pleaded guilty to count(s)     Count 1-Indictment, Counts 1s-5s Superseding Information

☐ pleaded nolo contendere to count(s) _____
which was accepted by the court.

☐ was found guilty on count(s) _____
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:     Additional Counts - See continuation page ☑

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 USC § 876 | Mailing Threatening Communications | 11/26/01 | 1 |
| 18 USC § 876 | Mailing Threatening Communications | 12/15/02 | 1s |
| 18 USC § 876 | Mailing Threatening Communications | 12/18/03 | 2s |
| 18 USC § 876 | Mailing Threatening Communications | 12/20/03 | 3s |
| 18 USC § 876 | Mailing Threatening Communications | 06/13/05 | 4s |

The defendant is sentenced as provided in pages 2 through ___11___ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) _____ ☐ is ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

01/10/07
Date of Imposition of Judgment

_Morris E. Lasker_
Signature of Judge

The Honorable Morris E. Lasker
Senior Judge, U.S. District Court
Name and Title of Judge

1/16/07
Date



✎AO 245B(05-MA)      (Rev. 06/05) Judgment in a Criminal Case
                     Sheet 1A - D. Massachusetts - 10/05

DEFENDANT:          **JAMES T. RICHARDS**                        Judgment—Page ___2___ of ___11___
CASE NUMBER: **1: 03  CR  10367   - 001 - MEL**

## ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 USC § 876 | Mailing Threatening Communications | 07/10/05 | 5s |

✎AO 245B(05-MA)    (Rev. 06/05) Judgment in a Criminal Case
Sheet 2 - D. Massachusetts - 10/05

Judgment — Page __3__ of __11__

DEFENDANT:    **JAMES T. RICHARDS**
CASE NUMBER: **1: 03  CR  10367   - 001 - MEL**

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:    50      month(s)

On each count to be served concurrently.

☑ The court makes the following recommendations to the Bureau of Prisons:

That the defendant be designated to a Bureau of Prisons facility that offers mental health treatment.

☑ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

☐ at _____ ☐ a.m.  ☐ p.m.   on _____ .

☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

☐ before 2 p.m. on _____ .

☐ as notified by the United States Marshal.

☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:




Defendant delivered on _____ to _____

a_____ , with a certified copy of this judgment.


_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

✎AO 245B(05-MA)    (Rev. 06/05) Judgment in a Criminal Case
Sheet 3 - D. Massachusetts - 10/05

Judgment—Page    4    of    11

DEFENDANT:    **JAMES T. RICHARDS**
CASE NUMBER:  **1: 03 CR 10367  - 001 - MEL**

## SUPERVISED RELEASE

☑ See continuation page

Upon release from imprisonment, the defendant shall be on supervised release for a term of :    **36**   month(s)

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance.  The defendant shall refrain from any unlawful use of a controlled substance.  The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, not to exceed  104   tests per year, as directed by the probation officer.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse.  (Check, if applicable.)

☑ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.  (Check, if applicable.)

☑ The defendant shall cooperate in the collection of DNA as directed by the probation officer.  (Check, if applicable.)

☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer.  (Check, if applicable.)

☐ The defendant shall participate in an approved program for domestic violence.  (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B(05-MA)    (Rev. 06/05) Judgment in a Criminal Case
Sheet 4A - Continuation Page - Supervised Release/Probation -10/05

Judgment—Page  5  of  11

DEFENDANT:    **JAMES T. RICHARDS**
CASE NUMBER:   **1: 03 CR 10367  - 001 - MEL**

## ADDITIONAL ☑ SUPERVISED RELEASE ☐ PROBATION TERMS

The defendant is to participate in an inpatient or outpatient mental health treatment program as directed by the Probation Office. The defendant  shall be required to contribute to the costs of services for such treatment based on the ability to pay or third-party payment.
The defendant  shall take his prescribed medication in accordance with his mental health treatment plan.
The defendant is not to have any contact, written or otherwise, with Michael Sullivan, Justice Mary McCauley Manzi, Justice Stevens, Paula Maslowski, Shaina Richards, Karen and Robert Towsley, Judge William G Young, and their family members without prior permission of this Court.
The defendant is to stay out of the communities of Abington and Haverhill, Massachusetts.
The defendant shall abide by and comply with all restraining and other court orders issued from this or any other court.
The defendant  shall not send, mail, or otherwise distribute any document or communication containing threats or threatening material.

## Continuation of Conditions of ☐ Supervised Release ☐ Probation

✎AO 245B(05-MA)    (Rev. 06/05) Judgment in a Criminal Case
Sheet 5 - D. Massachusetts - 10/05

DEFENDANT: **JAMES T. RICHARDS**
CASE NUMBER: **1: 03  CR  10367  - 001  - MEL**

Judgment — Page ___6___ of ___11___

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $      $600.00 | $ | $ |

☐ The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
|  |  |  |  |

☐ See Continuation Page

| **TOTALS** | $ _____$0.00_____ | $ _____$0.00_____ |  |

☐ Restitution amount ordered pursuant to plea agreement   $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☐ the interest requirement is waived for the    ☐ fine    ☐ restitution.

☐ the interest requirement for the    ☐ fine    ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B(05-MA)    (Rev. 06/05) Judgment in a Criminal Case
Sheet 6 - D. Massachusetts - 10/05

DEFENDANT:    **JAMES T. RICHARDS**                        Judgment — Page ___7___ of ___11___
CASE NUMBER: **1: 03 CR 10367  - 001 - MEL**

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

**A**  ☒ Lump sum payment of $ _$600.00_____    due immediately, balance due

☐ not later than _____ , or
☐ in accordance    ☐ C,    ☐ D,    ☐ E, or    ☐ F below; or

**B**  ☐ Payment to begin immediately (may be combined with    ☐ C,    ☐ D, or    ☐ F below); or

**C**  ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of
_____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D**  ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of
_____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a
term of supervision; or

**E**  ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from
imprisonment.  The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F**  ☐ Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment.  All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several                                                          ☐ See Continuation
                                                                                      Page

Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

AO 245B    (Rev. 06/05) Criminal Judgment
Attachment (Page 1) — Statement of Reasons - D. Massachusetts - 10/05

DEFENDANT: **JAMES T. RICHARDS**                                    Judgment — Page    8    of    11
CASE NUMBER: **1: 03 CR 10367  - 001 - MEL**
DISTRICT:        **MASSACHUSETTS**

# STATEMENT OF REASONS

## I    COURT FINDINGS ON PRESENTENCE INVESTIGATION REPORT

A  ☑    **The court adopts the presentence investigation report without change.**

B  ☐    **The court adopts the presentence investigation report with the following changes.**
(Check all that apply and specify court determination, findings, or comments, referencing paragraph numbers in the presentence report, if applicable.)
(Use Section VIII if necessary.)

1  ☐    **Chapter Two of the U.S.S.G. Manual** determinations by court (including changes to base offense level, or specific offense characteristics):

2  ☐    **Chapter Three of the U.S.S.G. Manual** determinations by court (including changes to victim-related adjustments, role in the offense, obstruction of justice, multiple counts, or acceptance of responsibility):

3  ☐    **Chapter Four of the U.S.S.G. Manual** determinations by court (including changes to criminal history category or scores, career offender, or criminal livelihood determinations):

4  ☐    **Additional Comments or Findings** (including comments or factual findings concerning certain information in the presentence report that the Federal Bureau of Prisons may rely on when it makes inmate classification, designation, or programming decisions):

C  ☐    **The record establishes no need for a presentence investigation report pursuant to Fed.R.Crim.P. 32.**

## II    COURT FINDING ON MANDATORY MINIMUM SENTENCE (Check all that apply.)

A  ☑    No count of conviction carries a mandatory minimum sentence.

B  ☐    Mandatory minimum sentence imposed.

C  ☐    One or more counts of conviction alleged in the indictment carry a mandatory minimum term of imprisonment, but the sentence imposed is below a mandatory minimum term because the court has determined that the mandatory minimum does not apply based on

☐    findings of fact in this case
☐    substantial assistance (18 U.S.C. § 3553(e))
☐    the statutory safety valve (18 U.S.C. § 3553(f))

## III    COURT DETERMINATION OF ADVISORY GUIDELINE RANGE (BEFORE DEPARTURES):

Total Offense Level:        29
Criminal History Category:    IV
Imprisonment Range:    121    to    151    months
Supervised Release Range:    2    to    3    years
Fine Range: $    15,000    to  $    150,000
☑    Fine waived or below the guideline range because of inability to pay.

AO 245B (05-MA) (Rev. 06/05) Criminal Judgment
Attachment (Page 2) — Statement of Reasons - D. Massachusetts - 10/05

DEFENDANT:  **JAMES T. RICHARDS**

CASE NUMBER: **1: 03 CR  10367  - 001 - MEL**

DISTRICT:     **MASSACHUSETTS**

Judgment — Page  9  of   11

# STATEMENT OF REASONS

**IV**   **ADVISORY GUIDELINE SENTENCING DETERMINATION** (Check only one.)

A  ☐   The sentence is within an advisory guideline range that is not greater than 24 months, and the court finds no reason to depart.

B  ☐   The sentence is within an advisory guideline range that is greater than 24 months, and the specific sentence is imposed for these reasons.
(Use Section VIII if necessary.)

C  ☑   The court departs from the advisory guideline range for reasons authorized by the sentencing guidelines manual.
(Also complete Section V.)

D  ☐   The court imposed a sentence outside the advisory sentencing guideline system.  (Also complete Section VI.)

**V**   **DEPARTURES AUTHORIZED BY THE ADVISORY SENTENCING GUIDELINES** (If applicable.)

A  **The sentence imposed departs** (Check only one.):
☑  below the advisory guideline range
☐  above the advisory guideline range

B  **Departure based on** (Check all that apply.):

1   **Plea Agreement** (Check all that apply and check reason(s) below.):
☐   5K1.1 plea agreement based on the defendant's substantial assistance
☐   5K3.1 plea agreement based on Early Disposition or "Fast-track" Program
☐   binding plea agreement for departure accepted by the court
☐   plea agreement for departure, which the court finds to be reasonable
☐   plea agreement that states that the government will not oppose a defense departure motion.

2   **Motion Not Addressed in a Plea Agreement** (Check all that apply and check reason(s) below.):
☐   5K1.1 government motion based on the defendant's substantial assistance
☐   5K3.1 government motion based on Early Disposition or "Fast-track" program
☐   government motion for departure
☐   defense motion for departure to which the government did not object
☑   defense motion for departure to which the government objected

3   **Other**
☐   Other than a plea agreement or motion by the parties for departure (Check reason(s) below.):

C   **Reason(s) for Departure** (Check all that apply other than 5K1.1 or 5K3.1.)

| | | | | | | |
|---|---|---|---|---|---|---|
| ☐ | 4A1.3 | Criminal History Inadequacy | ☐ 5K2.1 | Death | ☐ 5K2.11 | Lesser Harm |
| ☐ | 5H1.1 | Age | ☐ 5K2.2 | Physical Injury | ☐ 5K2.12 | Coercion and Duress |
| ☐ | 5H1.2 | Education and Vocational Skills | ☐ 5K2.3 | Extreme Psychological Injury | ☐ 5K2.13 | Diminished Capacity |
| ☑ | 5H1.3 | Mental and Emotional Condition | ☐ 5K2.4 | Abduction or Unlawful Restraint | ☐ 5K2.14 | Public Welfare |
| ☐ | 5H1.4 | Physical Condition | ☐ 5K2.5 | Property Damage or Loss | ☐ 5K2.16 | Voluntary Disclosure of Offense |
| ☐ | 5H1.5 | Employment Record | ☐ 5K2.6 | Weapon or Dangerous Weapon | ☐ 5K2.17 | High-Capacity, Semiautomatic Weapon |
| ☐ | 5H1.6 | Family Ties and Responsibilities | ☐ 5K2.7 | Disruption of Government Function | ☐ 5K2.18 | Violent Street Gang |
| ☐ | 5H1.11 | Military Record, Charitable Service, Good Works | ☐ 5K2.8 | Extreme Conduct | ☐ 5K2.20 | Aberrant Behavior |
| | | | ☐ 5K2.9 | Criminal Purpose | ☐ 5K2.21 | Dismissed and Uncharged Conduct |
| ☑ | 5K2.0 | Aggravating or Mitigating Circumstances | ☐ 5K2.10 | Victim's Conduct | ☐ 5K2.22 | Age or Health of Sex Offenders |
| | | | | | ☐ 5K2.23 | Discharged Terms of Imprisonment |
| | | | | | ☐ | Other guideline basis (e.g., 2B1.1 commentary) |

D   **Explain the facts justifying the departure.**  (Use Section VIII if necessary.)

Defendant's  long histroy of mental illness contibuted to the commission of the instant offfense.
(see section VIII)

DEFENDANT:      **JAMES T. RICHARDS**                         Judgment — Page   10   of   11
CASE NUMBER:  **1: 03  CR  10367   -  001  - MEL**
DISTRICT:          **MASSACHUSETTS**

# STATEMENT OF REASONS

**VI   COURT DETERMINATION FOR SENTENCE OUTSIDE THE ADVISORY GUIDELINE SYSTEM**
(Check all that apply.)

A    **The sentence imposed is** (Check only one.):
☐ below the advisory guideline range
☐ above the advisory guideline range

B    **Sentence imposed pursuant to** (Check all that apply.):

   1     **Plea Agreement** (Check all that apply and check reason(s) below.):
      ☐   binding plea agreement for a sentence outside the advisory guideline system accepted by the court
      ☐   plea agreement for a sentence outside the advisory guideline system, which the court finds to be reasonable
      ☐   plea agreement that states that the government will not oppose a defense motion to the court to sentence outside the advisory guideline
          system

   2     **Motion Not Addressed in a Plea Agreement** (Check all that apply and check reason(s) below.):
      ☐   government motion for a sentence outside of the advisory guideline system
      ☐   defense motion for a sentence outside of the advisory guideline system to which the government did not object
      ☐   defense motion for a sentence outside of the advisory guideline system to which the government objected

   3     **Other**
      ☐   Other than a plea agreement or motion by the parties for a sentence outside of the advisory guideline system (Check reason(s) below.):

C    **Reason(s) for Sentence Outside the Advisory Guideline System** (Check all that apply.)

   ☐   the nature and circumstances of the offense and the history and characteristics of the defendant pursuant to 18 U.S.C. § 3553(a)(1)
   ☐   to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense (18 U.S.C. § 3553(a)(2)(A))
   ☐   to afford adequate deterrence to criminal conduct (18 U.S.C. § 3553(a)(2)(B))
   ☐   to protect the public from further crimes of the defendant (18 U.S.C. § 3553(a)(2)(C))
   ☐   to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner
       (18 U.S.C. § 3553(a)(2)(D))
   ☐   to avoid unwarranted sentencing disparities among defendants (18 U.S.C. § 3553(a)(6))
   ☐   to provide restitution to any victims of the offense (18 U.S.C. § 3553(a)(7))

D    **Explain the facts justifying a sentence outside the advisory guideline system.**  (UseSection VIII if necessary.)

DEFENDANT:       **JAMES T. RICHARDS**                                Judgment — Page 11 of 11
CASE NUMBER:     **1: 03 CR 10367  - 001 - MEL**
DISTRICT:        **MASSACHUSETTS**

# STATEMENT OF REASONS

## VII  COURT DETERMINATIONS OF RESTITUTION

A  ☑  Restitution Not Applicable.

B  ☐  Total Amount of Restitution: _____

C  ☐  Restitution not ordered (Check only one.):

    1  ☐  For offenses for which restitution is otherwise mandatory under 18 U.S.C. § 3663A, restitution is not ordered because the number of identifiable victims is so large as to make restitution impracticable under 18 U.S.C. § 3663A(c)(3)(A).

    2  ☐  For offenses for which restitution is otherwise mandatory under 18 U.S.C. § 3663A, restitution is not ordered because determining complex issues of fact and relating them to the cause or amount of the victims' losses would complicate or prolong the sentencing process to a degree that the need to provide restitution to any victim would be outweighed by the burden on the sentencing process under 18 U.S.C. § 3663A(c)(3)(B).

    3  ☐  For other offenses for which restitution is authorized under 18 U.S.C. § 3663 and/or required by the sentencing guidelines, restitution is not ordered because the complication and prolongation of the sentencing process resulting from the fashioning of a restitution order outweigh the need to provide restitution to any victims under 18 U.S.C. § 3663(a)(1)(B)(ii).

    4  ☐  Restitution is not ordered for other reasons. (Explain.)

D  ☐  Partial restitution is ordered for these reasons (18 U.S.C. § 3553(c)):

## VIII  ADDITIONAL FACTS JUSTIFYING THE SENTENCE IN THIS CASE (If applicable.)

The sentence imposed takes into consideration the defendant's apalling, repeated, & frightening conduct, his prior convictions, and the uncontested mental illness thoroughly detailed in the presentence report. It is a sentence that fully complies with 18 USC section 3553(a).

Sections I, II, III, IV, and VII of the Statement of Reasons form must be completed in all felony cases.

Defendant's Soc. Sec. No.:       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                    Date of Imposition of Judgment
                                                                01/10/07

Defendant's Date of Birth:       00/00/54                       _Morris Lasker_

Defendant's Residence Address:   4 Martindale Road              Signature of Judge
                                 Randolph, MA 02368             The Honorable Morris E. Lasker  Senior Judge, U.S. District Cou

Defendant's Mailing Address:                                    Name and Title of Judge
                                 Norfolk County Correctional Center   Date Signed  1/16/07
                                 200 West Street
                                 P.O. Box 149
                                 Dedham, MA 02027

UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA,      )
       Plaintiff,              )
                    )
vs.                            )      Criminal Action
                    )      No. 03-10367-MEL
                    )
JAMES T. RICHARDS,             )
       Defendant.              )

**EXCERPT OF SENTENCING HEARING**

BEFORE THE HONORABLE MORRIS E. LASKER
UNITED STATES DISTRICT COURT JUDGE

UNITED STATES DISTRICT COURT
John J. Moakley U.S. Courthouse
1 Courthouse Way
Boston, Massachusetts 02210
January 10, 2007
2:30 p.m.

\* \* \* \* \*

CATHERINE A. HANDEL, CM
Official Court Reporter
John J. Moakley U.S. Courthouse
1 Courthouse Way, Room 5205
Boston, MA 02210
(617) 261-0555

```
 1   APPEARANCES:

 2

 3   For the Plaintiff:

 4   U.S. DEPARTMENT OF JUSTICE
     (by George Z. Toscas, AUSA)
 5   Room 6500
     601 D Street, N.W.
 6   Washington D.C., DC 20530

 7

 8

 9   For the Defendant:

10   GEORGE F. GORMLEY, P.C.
     (by George F. Gormley, Esq.,
11   and Christy Charles, Esq.)
     755 East Broadway
12   3rd Floor
     South Boston, MA 02127

13

14

15   U.S. PROBATION DEPARTMENT
     (by Tricia Marcy)
16   John J. Moakley Courthouse
     1 Courthouse Way, Suite 1200
17   Boston, MA 02210

18

19

20

21

22

23

24

25
```

```
 1                    (EXCERPT OF SENTENCING HEARING)
 2              THE COURT:   Accordingly -- Mr. Richards, if
 3    you will stand, I'm about to impose a sentence.
 4              Pursuant to the Sentencing Reform Act of
 5    1984, and having considered the sentencing factors
 6    enumerated and 18 United States Code §3553(a), it is the
 7    judgment of the Court that the defendant, James T.
 8    Richards, is hereby committed to the custody of the
 9    Bureau of Prisons to be imprisoned for a term of 50
10    months.  This term consists of a term of 50 months on
11    each count to be served concurrently.  This sentence is
12    a guideline departure per Section 5H1.3 and Section
13    5K2.0, due to the defendant's long history of mental
14    illness which contributed substantially to his
15    commission of the instant offense.
16              The Court makes a judicial recommendation
17    that the defendant be designated to a Bureau of Prisons
18    facility that offers mental health treatment.
19              As for supervised release, upon release
20    from imprisonment, the defendant shall be placed on
21    supervised release for a term of three years.  This term
22    consists of a term of three years on each count, all
23    such terms to run concurrently.
24              Within 72 hours of release from custody of
25    the Bureau of Prisons, the defendant shall report in
```

1    person to the district to which the defendant is
2    released.
3              No fine is imposed because it is found that
4    the defendant does not have the financial ability to pay
5    a fine.
6              The following are the numerous conditions
7    of supervised release, and I ask the defendant to listen
8    carefully to what I'm reading, but he'll be given a copy
9    of these, I assume:
10             One, the defendant shall comply with the
11   standard conditions adopted by the U.S. Sentencing
12   Guideline, Section 5D1.3(c), and shall be set forth in
13   detail on the judgment.
14             Two, the defendant shall not commit another
15   offense and shall not illegally possess a controlled
16   substance.
17             Three, the defendant shall refrain from any
18   unlawful use of a controlled substance.  The defendant
19   shall submit to one drug test within 15 days of release
20   from imprisonment and at least two periodic drug tests
21   thereafter, not to exceed 104 per year as directed by
22   the Probation Office.
23             Four, the defendant shall submit to the
24   collection of a DNA sample as directed by the Probation
25   Office.

1         Five, the defendant is prohibited from

2    possessing a firearm, destructive device or other

3    dangerous weapon.

4         Six, the defendant is to participate in an

5    in-patient or out-patient mental health treatment

6    program as directed by the Probation Office.  The

7    defendant shall be required to contribute to the cost of

8    such treatment based on the ability to pay or the

9    availability of third-party payment.

10        Seven, the defendant shall take his

11   prescribed medication in accordance with his mental

12   health treatment plan.  I will repeat that.  The

13   defendant shall take his prescribed medication in

14   accordance with his mental health treatment plan.

15   Everything depends on that.

16        Eight, the defendant is not to have any

17   contact, written, or otherwise, with Michael Sullivan,

18   Justice Mary McCauley Manzi, Justice Stevens, Paula

19   Maslowski, Shaina Richards, Karen and Robert Towsley,

20   Judge William G. Young, and their family members,

21   without prior permission of this Court.

22        Nine, the defendant is to stay out of the

23   communities of Abington and Haverhill, Massachusetts.

24        Ten, the defendant shall comply and abide

25   with all restraining and other orders issued from this

```
 1    or any other court.
 2                 Eleven, the defendant shall not send mail
 3    or otherwise distribute any document or communication
 4    containing threats or threatening material.
 5                 Finally, it is further ordered that the
 6    defendant shall pay to the United States a special
 7    assessment of $600, which shall be due immediately.
 8                 Now, Mr. Richards, that constitutes the
 9    sentence of the Court.  I wish to advise you that if you
10    believe that my sentence is improper legally, you have
11    the right to appeal, and if you do, I'm sure that
12    counsel, Mr. Gormley, will arrange to do so on your
13    behalf.
14                 I believe that concludes the proceedings
15    here today.
16                 I express my sympathy to those of you who
17    have been victimized.  I express to those of you who are
18    in the family of Mr. Richards, I hope that you will lend
19    him all the support that you can, and as fellow citizens
20    with your other members of the audience, you should to
21    see that he never repeats any of these offenses again.
22                 And so, Mr. Richards, I think you owe a
23    debt to the many, many people who have dealt with your
24    case and tried to do justice.
25                 Thank you.
```

```
 1              THE DEFENDANT:    Thank you, your Honor.
 2              (End of excerpt.)
 3              *    *    *    *
 4
 5
 6
 7
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```